**CLEARVIEW PROPERTIES, L.P.; Michael Starcher, Trustee for the Crown Hill Trust; Craig Walker d/b/a Clearview Properties, L.P., and Clearview Investments Ltd., Appellants**

v.

**PROPERTY TEXAS SC ONE CORPORATION; Clarion Partners LLC; Granite Partners, LLC, d/b/a Granite Partners I, LLC; Triple Net Properties, LLC, T Reit, L.P., and T Reit, INC., Appellees.**

No. 14–06–00716–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 3, 2007.

---

Barton Michael Reeder, Rashee Raj, William L. Wolfe, Floyd F. Honea, Dallas, for appellants.

Hunter Mac Barrow, Jon Collins Rice, Houston, for appellees.

Panel consists of Justices YATES, EDELMAN, and SEYMORE.

## ORDER

PER CURIAM.

This is an appeal from a judgment signed May 17, 2006. On March 15, 2007, appellants filed a motion to review the trial court's supersedeas order.

In the final judgment, the trial court ordered that appellants take nothing, that appellee, Property Texas recover $141,642.91 as damages for reasonable attorney's fees, and that appellee, T. Reit L.P. recover $211,599.33 as damages for reasonable attorney's fees. Appellants filed a motion requesting the trial court to set the amount of security pending appeal, and asked the trial court to set the amount at no more than $5,168.55 (as an estimate of costs). On February 21, 2007, the trial court set the amount of security for damages at $353,242.24 (as security for damages—the sum of the two attorney's fee awards), and assessed security for costs at $5,168.55.

Appellants challenge this order on the ground that an award of attorney's fees in a judgment does not constitute damages to which the rules regarding supersedeas apply. Thus, they request that we set aside the trial court's order and order the amount of security set at a total of $5,168.55, or at zero because no costs were awarded in the judgment. Appellees filed responses to appellants' motion.

Rule 24 sets out the requirements for suspending enforcement of a judgment pending appeal in civil cases. TEX. R. APP. P. 24. Generally, when the judgment is for money, the amount of the bond or security must equal the sum of compensatory damages awarded in the judgment, not to exceed 50 percent of the judgment debtor's current net worth or 25 million dollars. *Id.* at 24.2(a)(1). The trial court may set a lower amount of security if the judge finds substantial economic harm will befall the judgment debtor if it has to submit a greater amount of security. *Id.* at 24.2(b).

Rule 24.4 permits an appellate court to engage in a limited review. On any party's motion, we may review the following: (1) the sufficiency or excessiveness of the amount of security; (2) the sureties on a bond; (3) the type of security; (4) the determination whether to permit suspension of enforcement; and (5) the trial courts exercise of discretion in setting the amount and type of security, deciding the sufficiency of the sureties, and making any modifications to the amount or type of security. *Id.* at 24.4(a). An appellate court may require that the amount of the deposit or bond be increased or decreased, that another type of security be provided and approved by the trial court clerk, that other changes be made to the trial courts order, or the appellate court may remand for entry of findings of fact or the taking of evidence. *Id.* at 24.4(d).

Appellants' complaint is that the judgment award is limited to attorney's fees. Appellants contend attorney's fees should not be included in the amount of the supersedeas bond as a matter of law. Referring to the Civil Practice and Remedies Code, section 41.001, appellants claim attorney's fees are not included in the definitions of damages. *See* TEX. CIV. PRAC. & REM. CODE ANN. 41.001 (Vernon Supp.2006). However, the definitions in this section do not expressly exclude attorney's fees.

Appellants also cite to a case from our court holding that attorney's fees are in the nature of costs, not damages. *Williams v. Compressor Engr'g Corp.*, 704 S.W.2d 469, 474 (Tex.App.Houston [14th Dist.] 1986, writ ref'd n.r.e.). Because there are no damages awarded by the judgment, appellants claim the supersede-as bond should be set at zero, or alternatively, at no more than $5,168.55 (costs incurred in the trial court, not including attorney's fees).

In response, appellees contend that Rule 24.2(1) permits supersedeas to cover compensatory damages and costs awarded in the judgment, which includes attorney's fees. Appellees also cite to our *Williams* case, for the proposition that attorney's fees are in the nature of costs, which may be recovered in a contract claim. Appellees argue that attorney's fees in this case should be considered to be damages because, in a contract case, the prevailing party may recover its costs, including attorneys fees. *See RepublicBank Dallas N.A. v. Shook*, 653 S.W.2d 278, 282–83 (Tex.1983).

As to section 41 of the statute, appellees note that exemplary damages are expressly excluded in the definition of compensatory damages, but attorney's fees are not expressly excluded. Because the contract between the parties provides that the prevailing party shall recover fees as compensation, appellees reason the attorney's fees award in this case should be construed to be damages.

We find the trial court's order to be proper. Rule 24.2 provides that the amount of the supersedeas bond must equal the sum of compensatory damages, interest for the duration of appeal "and costs awarded in the judgment." Because our court has previously held that attorney's fees are in the nature of costs, *Williams v. Compressor Engr'g Corp.*, 704 S.W.2d 469, 474 (Tex.App.Houston [14th Dist.] 1986, writ ref'd n.r.e.), fees should be considered part of the "costs awarded in the judgment." Another case from our court is instructive. Although a family law case, the panel stated in *Roosth v. Daggett*, 869 S.W.2d 634, 637 (Tex.App.Houston [14th Dist.] 1994, no writ), that attorneys fees awarded in the judgment (that were not for enforcement of a child support order) were a debt that could have been suspended by the filing of a supersedeas bond. Additionally, the contract between the parties provided for attorney's fees to constitute compensation. Whether, under the facts of this case, the attorney's fees awards are in the nature of costs or damages, neither Rule 24, nor section 41.001, precludes the trial court from setting an amount, such as that set in this case, to secure this award. Therefore, we deny appellants' request to vacate the trial court's order and reduce the amount of supersedeas.