Published Order issued July 21, 2011



In The

Court of Appeals

For The

First District of Texas

————————————

NO. 01-11-00079-CV

———————————

 

FAIRWAYS OFFSHORE EXPLORATION, INC., Appellant

 

V.

 

PATTERSON SERVICES, INC. AND CUDD PRESSURE CONTROL,
INC., Appellees

 

 



On Appeal from the 215th District Court 

Harris County, Texas

Trial Court Cause No. 2007-59388

 

 



O R D E R

Judgment creditors, Patterson
Services, Inc. (“Patterson”) and Cudd Pressure Control, Inc. (“Cudd”), have
filed in this Court a Motion for Enlargement of Supersedeas Bond,[1]
challenging the trial court’s order setting the amount of the bond filed by judgment
debtor, Fairways Offshore Exploration, Inc. (“Fairways”), to suspend
enforcement of the underlying judgment against it.  Patterson and Cudd contend
that the trial court erred in not including in its calculation of the amount of
the supersedeas bond its award of attorney’s fees to Patterson and Cudd and its
award of prejudgment interest on the damages awarded to Patterson on its
negligence claim.    

We grant Patterson and Cudd’s motion
and order the supersedeas bond increased to include the amount of the trial
court’s award of attorney’s fees to Patterson and Cudd and prejudgment interest
to Patterson.    

Background

          In its judgment, the trial
court awarded Patterson $375,426.30 as actual damages on its negligence claim,
$521,427.05 as actual damages on its breach of contract claim, $99,022.44 as pre-judgment
interest on its actual damages, $385,000 for its attorney’s fees expended
through trial, and $7,387.40 in court costs.  The trial court awarded Cudd $198,079.28
as actual damages on its breach of contract claim, $21,924.39 as pre-judgment interest
on its actual damages, $312,375 for its attorney’s fees expended through trial,
and $4,748.78 in court costs.  

Fairways initially filed a
supersedeas bond in the amount of $1,162,422.25, plus post-judgment interest at
the rate of five percent (5%) for one year from the date of judgment, to secure
the contract and negligence damages awarded to Patterson, the contract damages
awarded to Cudd, and the post-judgment interest awarded to both Patterson and
Cudd.  Patterson and Cudd then filed a motion, requesting that the trial court
increase the amount of supersedeas bond to secure the trial court’s awards of
attorney’s fees awards and prejudgment interest.  The trial court granted this
motion in part, ordering the amount of the bond increased by $79,495.65 to secure
the portion of the prejudgment interest awarded to Patterson ($57,571.26) and
Cudd ($21,924.39) for their respective contract damages.  The amount of the
bond, as increased by the trial court’s order, did not secure the trial court’s
award of attorney’s fees to Patterson and Cudd or its award of prejudgment
interest to Patterson for its negligence damages.[2] 
         

Standard of Review

On the motion of a party, an
appellate court may review the sufficiency or excessiveness of the amount of bond
set by a trial court to secure payment of a money judgment during the pendency
of an appeal in a civil case.  Tex. Civ. Prac. & Rem. Code Ann.
§ 52.006(d) (Vernon
Supp. 2010); Tex. R. App. P. 24.4(a).  We review the trial court’s
determination of the amount of security under an abuse of discretion standard. 
Ramco Oil & Gas, Ltd. v. Anglo Dutch (Tenge) L.L.C., 171 S.W.3d 905,
909 (Tex. App.—Houston [14th Dist.] 2005, no pet).  Generally, the test for
abuse of discretion is whether the trial court acted without reference to any
guiding rules and principles or whether the trial court acted arbitrarily and
unreasonably.  See McDaniel
v. Yarbrough, 898 S.W.2d 251, 253
(Tex. 1995). 
However, a trial court has no discretion in determining what the law is and
applying the law to the facts.  See Gonzalez
v. Reliant Energy, Inc., 159 S.W.3d 615,
623–24 (Tex. 2005). 
A failure by a trial court to analyze or apply the law correctly constitutes an
abuse of discretion.  Id.  If we conclude that the trial court
abused its discretion, we may order the amount of the security decreased or
increased in an amount not to exceed the lesser of 50 percent of the judgment
debtor’s net worth, or $25 million.  See Tex. Civ. Prac. & Rem. Code Ann.
52.006(d); Tex. R. App. P. 24.4(a), (d).  For example, this Court,
under former Texas Rule of Appellate Procedure 47(b), increased the amount of a
supersedeas bond to include post-judgment interest, explaining that “[a]
supersedeas bond that does not include interest is ‘patently ineffective.’”  Nat’l
Convenience Stores, Inc. v. Martinez, 763 S.W.2d 960, 960 (Tex.
App.—Houston [1st Dist.] 1989, no writ).    

 

A Good and Sufficient Bond

The key issue presented to this Court
is whether the amount of the supersedeas bond set by the trial court is “good
and sufficient” to secure the money judgment of Patterson and Cudd from losses
caused by the delay of Fairways’ appeal.  See Tex. R. App. P. 24.1(a)(2).  The “primary purpose” of a
supersedeas bond is “security” and it is “intended to indemnify the judgment
creditor from losses caused by delay of appeal.”  Muniz v. Vasquez, 797
S.W.2d 147, 150 (Tex. App.—Houston [14th Dist.] 1990, no writ).  As has been
explained,

The effect of a supersedeas bond is to suspend
execution of judgment, so the judgment creditor can look only to the bond for
satisfaction of the judgment.  To prevent recovery on the bond posted by the
judgment debtor is to prevent recovery of the judgment.   

 

Butron v. Cantu, 960 S.W.2d 91, 95 (Tex. App.—Corpus
Christi 1997, no writ). 

A judgment debtor may file a “good
and sufficient” bond to supersede a trial court’s judgment in a civil case and
thereby suspend enforcement of the judgment during the pendency of an appeal.  Tex. R. App. P. 24(a)(2); see also Tex. Civ. Prac. & Rem. Code Ann. §
52.006.  When a judgment is for the recovery of “money,” the amount of security
“must equal the sum” of:

(1)  the amount of compensatory
damages awarded in the judgment;

(2)  interest for the estimated duration
of the appeal, and

(3)  costs awarded in the judgment.

Tex. Civ.
Prac. & Rem. Code Ann. § 52.006(a) (emphasis added); see also Tex. R. App. P. 24.2(a)(1).  However, the amount of security
“must not exceed” the lesser of 50 percent of the judgment debtor’s net worth
or $25 million.[3]
 Tex. Civ. Prac. & Rem. Code Ann.
§ 52.006(b); see also Tex. R.
App. P. 24.2(a)(1).    

Here, the parties dispute whether the
trial court, in calculating the amount of the supersedeas bond, was required to
include in its sum, as compensatory damages, the award of attorney’s fees to
Patterson and Cudd and the award of prejudgment interest on the damages awarded
to Patterson on its negligence claim.  Both sides recognize that since the
Texas Legislature enacted section 52.006 in 2003, some have called into
question whether the amount of attorney’s fees and prejudgment interest awarded
in a money judgment must be included in calculating the amount of security
necessary to suspend enforcement of the judgment pending an appeal.  See
Elaine A. Carlson, Reshuffling the Deck: Enforcing and Superseding Civil
Judgments on Appeal After House Bill 4, 46 S. Tex. L. Rev. 1035, 1038, 1088 (2005) (stating that “[i]t
is unclear whether attorneys’ fees and prejudgment interest must be secured”
under section 52.006 and that “[u]ltimately the issue of what is considered
compensatory damages will be judicially determined”).

Attorney’s Fees

          In determining whether attorney’s
fees awarded in a money judgment should be secured pursuant to section 52.006,
we note that prior to the enactment of section 52.006, which was part of legislation
commonly referred to as “House Bill 4,” the amount of security required to
supersede a money judgment was governed by the former version of Texas Rule of
Appellate Procedure 24.  See Former Tex.
R. App. P. 24.2(a)(1) (eff. Sept. 1, 1997) (amended Aug. 29, 2003 and
Sept. 10, 2003, eff. Sept. 1, 2003; amended Mar. 10, 2008 and Aug. 20, 2008,
eff. Sept. 1, 2008).  The former version of rule 24 required a bond for “at
least the amount of the judgment, interest for the estimated duration of
the appeal, and costs.”  See id. (emphasis added).  Texas courts
interpreted the former version of rule 24 to require security for the amount of
attorney’s fees awarded in a money judgment.  See Shook v. Walden,
304 S.W.3d 910, 918 (Tex. App.—Austin 2010, no pet.) (citing Hamilton v.
Hi–Plains Truck Brokers, Inc., 23 S.W.3d 442, 443 n.1 (Tex. App.—Amarillo
2000) (per curiam order)).

Fairways argues that section 52.006’s
reference to “the amount of compensatory damages awarded in the judgment,”
instead of the former version of rule 24’s reference to “the amount of the
judgment,” evidences a legislative intent to change the prior law so that attorney’s
fees awarded to a prevailing party in a money judgment no longer need be
secured for a judgment debtor to suspend enforcement of a money judgment.  Fairways
acknowledges that there is no direct legislative history to support its argument
that the legislature intended to make such a change in the law, but it urges us
to consider the definition of “compensatory damages” in Chapter 41 of the Texas
Civil Practice and Remedies Code as well as the general purposes of House Bill
4.  Fairways’ arguments are unpersuasive.

Although the Texas Legislature did
not define the term “compensatory damages” in section 52.006, the term
generally includes “[d]amages sufficient in amount to indemnify the injured
person for the loss suffered.”  Black’s
Law Dictionary 445 (9th ed. 2009).  Here, the trial court’s judgment
establishes that Patterson and Cudd, both of which prevailed against Fairways
in the trial court, expended attorney’s fees to recover a money judgment on
their respective breach of contract claims against Fairways.  See Tex. Civ. Prac. & Rem. Code Ann. §
38.001(8) (Vernon Supp. 2010).  Thus, the attorney’s fees awarded by the trial
court to Patterson and Cudd represent recoverable out-of-pocket losses that they
incurred in prosecuting their breach of contract claims against Fairways.  See
id.  We conclude that these fees, which the trial court awarded to Patterson
and Cudd to compensate them for the amount of money that they expended to
obtain relief against Fairways, fit within the common meaning of “compensatory
damages.”[4] 
There is nothing in the plain language of section 52.006 that evidences a
legislative intent to either change the law in regard to securing an award of
recoverable attorney’s fees in a money judgment or exclude attorney’s fees from
the common meaning of “compensatory damages.”

In regard to the definition of
“compensatory damages” in Chapter 41, we note that, for purposes of that
chapter, the term “[c]ompensatory damages” is defined to mean “economic and
noneconomic damages” and it “does not include exemplary damages.” Tex. Civ. Prac. & Rem. Code Ann. §
41.001(8) (Vernon Supp. 2010). Chapter 41 defines the term “[e]conomic damages”
to mean “compensatory damages intended to compensate a claimant for actual
economic or pecuniary loss” and it “does not include exemplary damages or
noneconomic damages.”  Id. § 41.001(4).  And Chapter 41 defines the term
“[n]oneconomic damages” to mean “damages awarded for the purpose of
compensating a claimant for physical pain and suffering, mental or emotional
pain or anguish, loss of consortium, disfigurement, physical impairment, loss
of companionship and society, inconvenience, loss of enjoyment of life, injury
to reputation, and all other nonpecuniary losses of any kind other than
exemplary damages.”  Id. § 41.001(12).  

In its opinion in Shook, the
Austin Court of Appeals went to great lengths to explain why these definitions should
be applied when interpreting the term “compensatory damages” in section 52.006. 
304 S.W.3d at 920–22; see also PopCap Games, Inc. v. Mumbojumbo LLC, 317
S.W.3d 913 (Tex. App.—Dallas 2010, no pet.) (agreeing with Shook and
holding that section 52.006 does not require superseding of attorney’s fees).  The
court in Shook opined that Chapter 41 is not restricted to those cases
in which exemplary damages are awarded and “plainly extends more broadly” to
any action for “damages.”  Id. at 920.  The court further opined that Chapter
41’s “text and relationship to section 52.006 reflect legislative intent to
incorporate chapter 41’s definition of ‘compensatory damages’ into section
52.006.”  Id.  

However, the plain language of
Chapter 41 reveals that the legislature enacted its provisions to create
standards and procedures for the recovery of exemplary damages and define certain
damages in order to limit exemplary damage awards.  See id. §§ 41.001,
41.003, 41.008, 41.009 (Vernon Supp. 2010).  There is no suggestion in Chapter
41 that any provision within it has any applicability to setting a good and
sufficient supersedeas bond to suspend enforcement of a money judgment during
the pendency of an appeal.  Although the court in Shook saw evidence of
a “relationship” between Chapter 41 and section 52.006, we, respectfully, see none. 
We conclude that the application of the definition of the term “compensatory
damages” as used in Chapter 41 to the term as used in section 52.006 has
created confusion in what should be a fairly straightforward matter.  See Shook,
304 S.W.3d at 920.  In short, the definitions employed in Chapter 41 are
expressly prescribed to apply to that chapter only, not to section 52.006.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 41.001 (stating that definitions provided by section 41.001 apply “[i]n this
chapter”); see also Clearview Properties, L.P. v. Property Tex. SC
One Corp., 228 S.W.3d 262, 263 (Tex. App.—Houston [14th Dist.] 2007, orig.
proceeding [mand. denied]) (recognizing that definitions in Chapter 41 “do not
expressly exclude attorney’s fees” in calculating good and sufficient
supersedeas bond). 

Without stretching Chapter 41 beyond
its prescribed application, there is no basis on which to interpret section
52.006’s reference to “compensatory damages” as excluding the amount of
recoverable attorney’s fees awarded by the trial court to Patterson and Cudd from
the amount of the security necessary to suspend enforcement of the trial
court’s money judgment.  See Clearview Properties, L.P., 228 S.W.3d at
263 (indicating that attorney’s fees awarded in judgment could be “in the
nature of costs or damages” and affirming trial court’s order setting bond in
amount sufficient to secure attorney’s fees award).[5] 
Had the legislature intended to so alter the law, it could have expressly
referred to “actual damages” in section 52.006, rather than the broader and
more encompassing term “compensatory damages,” which is more in accord with the
basic purposes of securing a money judgment.  See Muniz, 797
S.W.2d at 150.  In light of section 52.006’s reference to “compensatory
damages,” we conclude that a supersedeas bond that does not include in its sum the
amount of recoverable attorney’s fees is “patently ineffective” to secure a
money judgment awarding such fees.  See Martinez, 763 S.W.2d at 960.  Accordingly,
we hold that the trial court erred in denying Patterson and Cudd’s motion to
increase the amount of the supersedeas bond to include the trial court’s award
of recoverable attorney’s fees in its money judgment.

Prejudgment Interest

          As with the attorney’s fees
issue, the parties appear to agree that prior to the enactment of section
52.006, the former version of rule 24 required security for the amount of prejudgment
interest awarded in a money judgment.  See Former Tex. R. App. P. 24.2(a)(1); Martinez,
763 S.W.2d at 960 (indicating that bond covered prejudgment interest); see
also Gullo-Haas Toyota, Inc. v. Davidson, Eagleson & Co., 832 S.W.2d
418, 418 (Tex. App.—Houston [1st Dist.] 1992, no writ) (implying that
sufficient bond included prejudgment interest).  The question, then, is whether
section 52.006 changed the law.  In interpreting section 52.006 to determine if
prejudgment interest can be considered “compensatory damages awarded in the
judgment,” the court in Shook again considered the definitions of Chapter
41.  After undertaking a lengthy analysis, the court concluded that “prejudgment
interest awarded under common-law or equitable principles comes within [C]hapter
41’s ‘economic damages’ definition because it is a form of damages intended to
compensate for a form of economic or pecuniary loss recognized in Texas law.”  Shook,
304 S.W.3d at 927.  Thus, the court held that the prejudgment interest awarded in
that case constituted “compensatory damages awarded in the judgment” and such
interest was required to be secured under section 52.006, although the court
also appeared to recognize a distinction between certain types of prejudgment
interest.  Id. at 929.  

Fairways argues that we should follow
the distinction suggested in Shook between prejudgment interest awarded
on breach of contract damages under common-law or equitable principles and
prejudgment interest awarded on negligence damages under statutory authority. 
Fairways posits that prejudgment interest on a “negligence award for property
damage” does not constitute “economic damages,” and thus, cannot be
characterized as compensatory damages under section 52.006.  We find Fairways’
arguments on the prejudgment interest issue unpersuasive.

As noted above, section 52.006 does
not define the term “compensatory damages” in regard to calculating a good and
sufficient supersedeas bond, and we find no support in the Texas Civil Practice
and Remedies Code or the legislative history of Chapter 52 indicating that we
should, in interpreting section 52.006, consult the definitions employed in
Chapter 41 regarding exemplary damages.  Although the legislature did not
define “compensatory damages” in section 52.006, the compensatory nature of
prejudgment interest is commonly understood and has been historically
recognized by Texas courts.  In Cavnar v. Quality Control Parking, Inc.,
the Texas Supreme Court explained the need to award prejudgment interest to
compensate a plaintiff:  

If a judgment provides plaintiffs only the amount of
damages sustained at the time of the incident, plaintiffs are not fully compensated.
 They have been denied the opportunity to invest and earn interest on the
amount of damages between the time of the occurrence and the time of judgment.

 

696 S.W.2d 549, 552 (Tex. 1985)
(emphasis added).  The supreme court has further acknowledged that “awarding
prejudgment interest [is] necessary to fully compensate injured plaintiffs.”  Johnson
& Higgins of Tex., Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 529 (Tex.
1998).  We see no reason to depart from these generally accepted principles
recognizing that prejudgment interest is awarded to compensate an injured
plaintiff.  We also see no principled reason to follow Shook and distinguish
between prejudgment interest awarded on contract damages but not negligence
damages.  We conclude that a supersedeas bond that does not include in its sum
the amount of prejudgment interest is “patently ineffective” to secure a money
judgment awarding such interest.[6] 
See Martinez, 763 S.W.2d at 960.  Accordingly, we hold that the trial
court erred in denying Patterson and Cudd’s motion to increase the amount of
the supersedeas bond to include the trial court’s award of prejudgment interest
to Patterson on its negligence damages.

Conclusion

          We grant Patterson and Cudd’s
motion for enlargement of the supersedeas bond, and we order that the amount of
the bond be increased to secure the amount of attorney’s fees awarded to
Patterson and Cudd as well as the amount of prejudgment interest awarded to
Patterson on its negligence damages.[7] 
Accordingly, we direct Fairways to file an amended supersedeas bond, with the
amount of the total bond to be $1,984,718.86, plus post-judgment interest as
described in the supplemental supersedeas bond.  Should Fairways fail to post
the amended supersedeas bond 20 days after the date of this order, the judgment
may be enforced.  See Tex. R.
App. P. 24.4(e).

 

 

 

Terry Jennings

Justice

 

Panel consists of Justices Jennings, Higley,
and Brown.

Publish.

 









[1]
        See Tex. R. App. P.
24.4(a).

 





[2]
        In its judgment, the trial court also awarded Patterson and Cudd
appellate attorney’s fees, but Patterson and Cudd do not seek to secure the
amounts of those fees with an increased supersedeas bond.





[3]
        Moreover, a trial court “must lower” the amount of a security “to an
amount that will not cause the judgment debtor substantial economic harm if,
after notice to all parties and a hearing, the court finds that posting a bond”
in the required amount “is likely to cause the judgment debtor substantial
economic harm.”  Tex. R. App. P.
24.2(b); see also Tex. Civ. Prac.
& Rem. Code Ann. § 52.006(c).  Here, there is nothing in the record
to suggest that the amount of the bond set by the trial court was affected by
sections 52.006(b) and 56.006(c) of the Texas Civil Practice and Remedies Code
or rules 24.2(a)(1) and 24.2(b).      

 





[4]
        By way of example, we note that in litigation involving breach of
contract claims, an award of attorney’s fees may sometimes equal or exceed the
amount of actual damages awarded to a prevailing party.  In such a case, the
prevailing party’s success in prosecuting their claim could easily be rendered
pyrrhic if the judgment debtor could suspend enforcement of the judgment
without having to post a bond sufficient to cover the awarded attorney’s fees. 





[5]
        Fairways argues that Clearview Properties is distinguishable
because, in that case, “the contract between the parties provided for
attorney’s fees to constitute compensation.”  Clearview Properties, L.P. v.
Property Tex. SC One Corp., 228 S.W.3d 262, 264 (Tex. App.—Houston [14th
Dist.] 2007, orig. proceeding [mand. denied]).  The parties agreed at oral
argument that there is no similar contractual provision here.  Although we
recognize this factual distinction, the court in Clearview cited this
contractual provision as one of several reasons why the trial court properly
set a supersedeas bond that included in its sum the award of attorney’s fees.





[6]
        We recognize that to the extent that any provision in Chapter 52
conflicts with the Texas Rules of Appellate Procedure, Chapter 52 would
control.  Tex. Civ. Prac. & Rem.
Code Ann. § 52.006(a).  However, we see no conflict between rule 24’s
requirement that a judgment debtor post a “good and sufficient bond” and the
provisions of Chapter 52.  Rather, the terms used in rule 24 and those used in
Chapter 52 consistently reflect that the purpose of securing a money judgment
is to protect a prevailing party’s right to ultimately recover its compensatory
damages pending an appeal.

 





[7]
        As noted above, Fairways has not argued that increasing the bond as
requested by Patterson and Cudd would either exceed the caps provided in
section 52.006(b) or cause it “substantial economic harm.”  Tex. R. App. P. 24.2(a)(1), (b); see
also Tex. Civ. Prac. & Rem. Code
Ann. § 52.006(b), (c).