DAVID L. SMITH & ASSOCIATES, L.L.P. and Eddie Large, Appellants,

v.

STEALTH DETECTION, INC., David Stull and Charles Townsend, Appellees.

No. 05–09–00304–CV.

Court of Appeals of Texas, Dallas.

Nov. 16, 2010.

Mark R. Lee, Cedar Park, for Appellant.

David Stull, Thomas C. Barron, Law Offices of Thomas C. Barron, P.C., Dallas, for Appellee.

Before Justices MORRIS, MOSELEY, and MYERS.

## OPINION

Opinion By Justice MYERS.

David L. Smith & Associates, L.L.P. and Eddie Large appeal the trial court's rendition of a take-nothing judgment following a trial before the court on their claims against Stealth Detection, Inc., David Stull, and Charles Townsend. Appellants bring five issues contending (1) the trial court's findings of fact and conclusions of law were insufficient; (2) the trial court erred in failing to render a default judgment against Stealth Detection; (3) appellants conclusively proved appellees' liability; (4) the trial court erred in not holding Stealth Detection jointly and severally liable with another defendant; and (5) the trial court erred in failing to award appellants' attorney's fees on their motion to enforce a Rule 11 agreement. We reverse the trial court's judgment and remand the cause for further proceedings.

## BACKGROUND

In 2001 and 2002, appellants received numerous unsolicited faxes advertising alarm system monitoring by Stealth Detection. Appellants filed suit alleging appellees and other defendants violated the federal Telephone Consumer Protection Act and the state law governing electronic communications made for purposes of sales. *See* 47 U.S.C. § 227(b)(1)(C) (2006 & Supp. III 2009); TEX. BUS. & COM.CODE ANN. § 35.47(b) (repealed 2007).[1] Appellants sought the statutory damages of $500 per fax. *See* 47 U.S.C. § 227(b)(3); TEX. BUS. & COM.CODE ANN. § 35.47(f). Other defendants, including Stealth Industry, Inc., did not answer, and the trial court rendered an interlocutory default judgment against them.

During the trial before the court, the president and vice president of Stealth Detection, David Stull and Charles Townsend, respectively, testified that the faxes were sent for the benefit of Stealth Detection as an advertising promotion for the company. They testified that they both agreed to the sending of unsolicited faxes, an activity they termed "fax blasting." Stull testified that Townsend arranged with companies to send thousands of faxes advertising Stealth Detection's monitoring services. Later, according to Stull, Townsend acquired equipment to send the faxes from the corporate offices and that Townsend operated the equipment. Townsend testified that he operated the fax-blasting equipment, but that Stull and Stull's son also used it to send the unsolicited advertisements.

At the conclusion of the trial, the court rendered judgment for appellees on appellants' claims, and the court rendered final judgment for appellants on their claims

---

1. Act of May 23, 1989, 71st Leg., R.S., ch. 783, § 1, 1989 Tex. Gen. Laws 3469, 3469, *amended by* Act of May 26, 1999, 76th Leg., R.S., ch. 635, § 1, 1999 Tex. Gen. Laws 3203, 3203, *amended by* Act of May 24, 2001, 77th Leg., R.S., ch. 1429, § 2, 2001 Tex. Gen. Laws 5102, 5108–09, *repealed by* Act of May 15, 2007, 80th Leg., R.S., ch. 885, § 2.47(1), 2007 Tex. Gen. Laws 1905, 2082 (now codified at TEX. BUS. & COM.CODE ANN. § 305.001–.053 (West 2009)).

against the defaulting defendants. Appellants appeal the denial of their claims against appellees.

## SUFFICIENCY OF THE EVIDENCE

In their third issue, appellants challenge the legal sufficiency of the evidence to support the trial court's judgment for appellees because, appellants argue, the evidence conclusively established appellees' liability. Alternatively, appellants challenge the factual sufficiency of the trial court's determination that appellees' were not liable to appellants and assert the court's decision was against the great weight and preponderance of the evidence.

■ When an appellant challenges the legal sufficiency on which it had the burden of proof, it must establish on appeal that the evidence conclusively established all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex.2001); *Tricon Tool & Supply, Inc. v. Thumann*, 226 S.W.3d 494, 501 (Tex.App.-Houston [1st Dist.] 2006, pet. denied). We review a trial court's findings for legal and factual sufficiency by the same standards applied to a jury's answer. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex.1994); *In re C.A.T.*, 316 S.W.3d 202, 206 (Tex. App.-Dallas 2010, no pet.). In a legal sufficiency review, we consider the evidence in the light most favorable to the finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex.2005). If the evidence allows only one inference, neither the finder of fact nor the reviewing court may disregard it. *Id.* We review a trial court's legal conclusions de novo. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex.2002).

■ The federal Telephone Consumer Protection Act provides, "It shall be unlawful for any person ... to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1)(C). The act also provides a person or entity may bring in state court "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater." *Id.* § 227(b)(3)(B). The act also provides that the actions of an employee in the scope of his employment that violate the act are deemed to be the actions of the employer and the employee. *Id.* § 217. Moreover, corporate officers with direct, personal participation in or personal authorization of conduct that violates the act are liable under the act. *Texas v. Am. Blastfax, Inc.*, 164 F.Supp.2d 892, 898 (W.D.Tex.2001).

The Texas statute likewise prohibits sending unsolicited advertisements to a facsimile machine:

(b) A person may not make or cause to be made a transmission for the purpose of a solicitation or sale to a facsimile recording device or other telecopier for which the person or entity receiving the transmission will be charged for the transmission, unless the person or entity receiving the transmission has given, prior to the transmission, consent to make or cause to be made the transmission.

. . . .

(f) A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or this section may bring an action against the person who originates the communication in a court of this state for an injunction, damages in the amount provided by this subsection, or both. A plaintiff prevailing in an action for damages under this subsection is entitled to the greater of $500 for each

violation or the person's actual damages....

TEX. BUS. & COM.CODE ANN. § 35.47(b), (f); *see id.* §§ 305.002, .005 (West 2009).

In this case, David Smith, owner of Smith & Associates, testified his company received thirty-three unsolicited faxed advertisements for alarm-monitoring service from Stealth Detection. Large testified that he received five unsolicited faxed advertisements for Stealth Detection's monitoring service. Charles Turner, a director of Stealth Industries, testified that Townsend "was responsible" for the fax advertising campaign and that Stull "authorized" it. Stull, the president and CEO of Stealth Detection, testified that the faxed advertisements received by appellees were sent by his company to gain customers and business for Stealth Detection. Stull testified that Townsend operated the fax-blasting equipment and that he, Stull, "originally agreed with the fax advertising campaign." Stull testified that he did not disagree with the fax blasting until April 2002, when he learned the company was being sued because of the faxed advertisements.

Townsend testified that the fax blasting was for the benefit of Stealth Detection, that Stull was aware of all of the fax blasting, that he and Stull jointly designed the advertisements to be fax blasted, and that both he and Stull, as well as Stull's son, operated the fax-blasting equipment. The record does not reveal Stull's son's position with Stealth Detection, but Townsend testified that Stull's son was paid a salary by the company.

John Castleberry, an independent contractor for the Stealth entities, testified that Townsend and Stull received training on the use of the fax-blasting equipment and that he saw Stull use the equipment to remove names from the list of people to receive faxes.

The trial court also admitted Townsend's responses to appellees' requests for admissions in which Townsend admitted that he leased and used fax-advertising equipment and gained customers and revenue through the transmission of fax advertisements.

The evidence in this case allows only one inference: the fax advertisements received by appellees were sent by officers or employees of Stealth Detection. There is no evidence contrary to this fact. Accordingly the evidence conclusively establishes Stealth Detection's liability to appellees under 47 U.S.C. § 227(b)(1)(C) and (b)(3) as well as under section 35.47(b) and (f) of the Texas Business and Commerce Code.[2]

Likewise, the evidence conclusively establishes that Stull and Townsend, as president and vice-president of Stealth Detection, authorized and approved the fax-blasting campaign when the faxes were sent to appellees. Accordingly, they also are liable for violating 47 U.S.C. section 227(b)(1)(C) and are subject to statutory damages of $500 per violation under 47 U.S.C. section 227(b)(3). We sustain appellants' third issue.

■ Before trial, the court had rendered an interlocutory default judgment against Stealth Industries based on the same allegations presented against appellees. Appellants' petition indicates they sued Stealth Industries and appellees for sending the same faxes. To render a separate award of damages against appellees from those rendered against Stealth Industries would provide a prohibited double recovery to appellants. *See Crown Life Ins. Co. v. Casteel,* 22 S.W.3d 378, 390 (Tex.2000) ("Under the one satisfaction

2. Now codified at TEX. BUS. & COM.CODE ANN. §§ 305.002, 305.053 (West 2009).

rule, a plaintiff is entitled to only one recovery for any damages suffered."); *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 7 (Tex.1991) (same). Accordingly, we conclude appellees are jointly and severally liable with Stealth Industries for $16,500 to Smith & Associates and for $2500 to Large.[3]

## JOINT ENTERPRISE LIABILITY

In their fourth issue, appellants contend that the trial court erred in not rendering Stealth Detection jointly and severally liable with the defaulting defendant, Stealth Industries, because they were engaged in a joint enterprise. The trial court rendered a default judgment against Stealth Industries for $17,000 to Smith & Associates, and for $2500 to Large. In the third issue, we concluded that appellees were jointly and severally liable for $16,500 to Smith & Associates and for $2500 to Large. Accordingly, our discussion of this issue concerns only Stealth Detection's joint and several liability for the additional $500 imposed on Stealth Industries in favor of Smith & Associates.[4]

The theory of joint enterprise imputes liability to one who, although he did no wrong, is so closely connected to the wrongdoer that it justifies the imposition of vicarious liability. *Seureau v. Exxon-Mobil Corp.*, 274 S.W.3d 206, 218 (Tex. App.-Houston [14th Dist.] 2008, no pet.). In *Shoemaker v. Whistler's Estate*, 513 S.W.2d 10 (Tex.1974), the Texas Supreme Court adopted the definition of "joint enterprise" in The Restatement 2d of Torts:

The elements which are essential to a joint enterprise are commonly stated to be four: (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control.

*Id.* at 16–17; *see also St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 530 (Tex.2002). A joint enterprise requires evidence that monetary benefits are shared among the members of the group without special or distinguishing characteristics.

Stealth Detection was a wholly owned subsidiary of Stealth Industries. In support of the argument that Stealth Industries and Stealth Detection were a joint enterprise, appellants rely on the testimony they assert shows that Stealth Industries and Stealth Detection had the same directors, officers, and employees; the same address and telephone number; the same logo; the same goals; and that they shared assets including ten trucks and $40,000 worth of computers. The only bank account for the companies was in the name of Stealth Industries, which paid all the bills for Stealth Detection. However, none of this evidence, or any evidence in the record, shows how, or whether, the monetary benefits of the enterprise were shared between Stealth Detection and Stealth Industries. Nor does any evidence show the two corporations had "an equal right to a voice in the direction of the

3. Having concluded Stealth Detection is liable for sending the unsolicited fax advertisements to appellants, we do not reach appellants' second issue asserting the trial court erred in failing to render a default judgment against Stealth Detection because it had forfeited its existence or because it was not represented by an authorized attorney.

4. The record does not disclose the reason for imposing $17,000 damages against Stealth Industries instead of $16,500. Smith & Associates did not present any evidence of damages beyond the $500 statutory damages for each of the thirty-three violations. However, no party complains of the default judgment against Stealth Industries.

---

enterprise, which gives an equal right of control." Accordingly, we conclude appellees failed to prove joint-enterprise liability between Stealth Industries and Stealth Detection.[5]

We overrule appellees fourth issue.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In their first issue, appellants contend the trial court erred in refusing to file sufficient findings of fact and conclusions of law. They assert that the trial court's findings of fact and conclusions of law were so vague that they were required to guess at the reasons for the trial court's decision. Appellants timely requested the court to file findings of fact and conclusions of law and timely filed a notice of past due findings of fact and conclusions of law. After the trial court filed its three findings of fact and conclusions of law,[6] appellants filed a request for additional findings and conclusions setting forth numerous issues on which appellants sought findings. The trial court did not respond to this request.

■ If the record shows the complaining party did not suffer injury from the trial court's refusal to file additional findings of fact and conclusions of law, then the court's refusal is not erroneous. *Johnston v. McKinney Am., Inc.*, 9 S.W.3d 271, 277 (Tex.App.-Houston [14th Dist.] 1999, pet. denied). In this case, because we have reversed the trial court's judgment and rendered judgment for appellants, we conclude they suffered no injury from the trial court's failure to make additional findings on their causes of action for statutory damages for unsolicited faxed advertisements.

■ As for appellants' claim that Stealth Detection is vicariously liable for the acts of Stealth Industries in a joint enterprise, appellants did not request findings and conclusions on the four elements of joint-enterprise liability. Accordingly, we conclude appellants did not preserve their complaint concerning the trial court's failure to make findings of fact and conclusions of law on joint-enterprise liability. *See Intec. Sys., Inc. v. Lowrey*, 230 S.W.3d 913, 918 (Tex.App.-Dallas 2007, no pet.).

We overrule appellants' first issue.

## ATTORNEY'S FEES

■ In their fifth issue, appellants contend the trial court erred in failing to

---

5. Appellees also assert that (1) Stealth Detection operated as a mere tool or business conduit of another corporation, (2) the companies used the corporate fiction to circumvent the statute requiring those engaged in the alarm business be licensed, and (3) appellees relied upon one corporation to justify a wrong, i.e., appellees' shifting assets from Stealth Industries to Stealth Detection after Stealth Industries was sued. Although these may be grounds for piercing the corporate veil, they are not evidence of joint-enterprise vicarious liability. *See Castleberry v. Branscum*, 721 S.W.2d 270, 272 (Tex.1986) (discussing grounds for disregarding corporate fiction); *Shoemaker*, 513 S.W.2d at 16–17 (discussing elements of joint-enterprise liability).

6. The courts findings and conclusions were the following:

This Court is of the opinion that plaintiffs failed to meet their burden in proving each and every element of any cause of action alleged by plaintiffs by the greater weight and degree of credible evidence.

This Court is of the opinion that plaintiffs failed to meet their burden in proving by the greater weight and degree of credible evidence that defendants violated 47 U.S.C. Sec. 227.

This Court is also of the opinion that plaintiffs failed to meet their burden in proving by the greater weight and degree of credible evidence that defendants violated Texas Business and Commerce Code Sec. 35.47.

award them attorney's fees on their claim for breach of a Rule 11 agreement. *See* TEX.R. CIV. P. 11. During the discovery process, appellees refused to provide requested information to appellants, who obtained an order from the court directing appellees to comply, and a show-cause order when appellees failed to comply with the court's order. On August 11, 2005, the parties entered into an agreement settling the discovery dispute in which appellees promised, among other things, to pay appellants $500 by August 21, 2005 to reimburse appellants for their attorney's fees incurred in the discovery issue. Appellees failed to pay the $500 by August 21, 2005, and appellants moved for enforcement of the Rule 11 agreement seeking the $500 owed under the Rule 11 agreement and attorney's fees for enforcement of the agreement. The trial court determined the agreement was enforceable under Rule 11 and ordered appellees to pay the $500 per the Rule 11 agreement, but the court denied the request for attorney's fees "in light of the case-related complaints of counsel both at the hearing and in *unsolicited* fax correspondence with this court post-hearing."

A Rule 11 agreement is enforceable as a contract. *See Padilla v. LaFrance,* 907 S.W.2d 454, 461 (Tex.1995). Under section 38.001 of the Texas Civil Practice & Remedies Code, a plaintiff who prevails on a claim for breach of contract and recovers damages is entitled to recover reasonable attorney's fees. TEX. CIV. PRAC. & REM.CODE ANN. § 38.001(8) (West 2008); *see Green Int'l, Inc. v. Solis,* 951 S.W.2d 384, 390 (Tex.1997); *Cordova v. Sw. Bell Yellow Pages, Inc.,* 148 S.W.3d 441, 446 (Tex.App.-El Paso 2004, no pet.). Appellants prevailed on their claim for breach of the Rule 11 agreement, and they recovered damages of $500. The trial court could not deny an award of attor-

ney's fees under section 38.001(8) on the ground of "case-related complaints." *See Cordova,* 148 S.W.3d at 446 (trial court has limited discretion to fix amount of attorney's fees but has no discretion to deny fees completely if fees are proper under section 38.001). We sustain appellants' fifth issue.

## CONCLUSION

We reverse the trial court's judgment for appellees, and we render judgment that appellees are jointly and severally liable with Stealth Industries for $16,500 plus prejudgment interest to Smith & Associates and for $2500 plus prejudgment interest to Large. We reverse the trial court's order denying attorney's fees to appellants for enforcement of the August 21, 2005 Rule 11 agreement. In all other respects, we affirm the trial court's judgment. We remand the cause to the trial court for further proceedings, including determination of appellants David L. Smith & Associates L.L.P. and Eddie Large's reasonable and necessary attorney's fees for enforcement of the August 11, 2005 agreement.