**MODIFY and AFFIRM; and Opinion Filed May 29, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00073-CV**

**DAVID L. SMITH & ASSOCIATES, L.L.P, ET AL, Appellants**
**V.**
**STEALTH DETECTION, INC., ET AL, Appellees**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-04-12049-B**

**MEMORANDUM OPINION**
Before Justices Bridges, O'Neill, and Lewis
Opinion by Justice Lewis

David L. Smith & Associates, L.L.P. and Eddie Large, appellants, appeal from a judgment awarding damages and pre-judgment interest following a trial before the court. Appellants bring four issues contending the trial court erred (1) in the amounts awarded in pre-judgment interest; (2) in the amounts awarded in damages; (3) by failing to award attorney's fees; and (4) by denying a motion for recusal. We modify the trial court's judgment and affirm it as modified.

*Background*

In 2004, appellants filed suit seeking statutory damages of $500 per fax after receiving numerous unsolicited faxes advertising alarm system monitoring by Stealth Detection. Some defendants, including Stealth Industry, Inc., did not answer and the trial court rendered an

interlocutory default judgment against them. In December 2008, after a trial before the court, the trial court rendered judgment for appellees on appellants' claims and rendered judgment for appellants on their claims against the defaulting appellees.

In 2009, appellants filed an appeal of the trial court's judgment in this Court. In 2010, we affirmed in part, reversed in part, and rendered the trial court's 2008 judgment. We remanded the cause to the trial court for further proceedings, including determination of appellants' reasonable and necessary attorney's fees for enforcement of the August 11, 2005 agreement. On remand, appellants filed a motion for recusal and motion to enter judgment. On December 19, 2011, the trial court issued a final judgment which ordered appellants "take nothing" from appellees on the remaining trial issue of attorney's fees. Appellants now appeal the trial court's December 2011 final judgment. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4.

*Analysis*

In their first issue, appellants claim the trial court erred by awarding the incorrect amounts in pre-judgment interest. We review the trial court's assessment of pre-judgment interest for an abuse of discretion. *DeGroot v. DeGroot*, 369 S.W.3d 918, 926 (Tex. App.—Dallas 2012, no pet.); *Bufkin v. Bufkin*, 259 S.W.3d 343, 356 (Tex. App.—Dallas 2008, pet. denied).

Following our mandate, the trial court set the cause for trial. After hearings on appellants' motion for recusal and motion to enter judgment, appellants submitted a proposed final judgment delineating specific amounts for the damages and pre-judgment interest for each party. The trial court granted the exact amounts proposed by appellants. The proposed final judgment was submitted on October 17, 2011, and the final judgment was not signed until December 19, 2011. Consequently, the amount of pre-judgment interest could have been increased to include the time

between submissions of the proposed final judgment and the day before the final judgment was signed. *See* TEX. FIN. CODE ANN. § 304.104 (West 2006) (pre-judgment interest may accrue during the period beginning on the day the suit is filed and ending on the day preceding the date the judgment is rendered.). However, appellants failed to bring these errors to the trial court's attention and have waived this argument by not excepting to the judgment or bringing the complaint to the attention of the trial court. *See Westinghouse Credit Corp. v. Kownsler*, 496 S.W.2d 531, 533 (Tex. 1973); *McLemore v. Johnston*, 585 S.W.2d 347, 349 (Tex. App.—Dallas 1979, no pet.).

Even if appellants had preserved their complaint about the amounts of interest, as stated above, the final judgment signed by the judge includes an exact replication of the amounts submitted by appellants in their proposed final judgment. The "invited error doctrine" precludes a party from requesting a ruling from the court and then complaining that the court committed error in giving him the requested ruling. *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 861 (Tex. 2005); *Patton v. Dallas Gas Co.*, 108 Tex. 321, 328, 192 S.W. 1060, 1062, (1917). We conclude appellants' first issue is overruled.

In their second issue, appellants complain the trial court erred by awarding incorrect amounts of damages. Specifically, appellants complain the trial court changed the amount of damages awarded, from $17,000 to $16,500, against defaulting defendant Stealth Industry, Inc. even though Stealth Industry, Inc. was not a party to the appeal.

Our November 16, 2010 opinion noted a $17,000 default judgment damage award to appellant Smith & Associates, L.L.P., against Stealth Industry, Inc., even though no party complained about the default judgment in the appeal. *See David L. Smith & Assocs. v. Stealth Detection, Inc.*, 327 S.W.3d 873, 878 n.4 (Tex. App.—Dallas 2010, no pet.). Our mandate "RENDERED that appellees Stealth Detection Inc., David Stull, and Charles Townsend are

jointly and severally liable with defendant Stealth Industry, Inc. to appellant David L. Smith & Associates, L.L.P. for $16,500 plus pre-judgment interest . . . ." The mandate further stated, "In all other respects, the trial court's judgment is AFFIRMED."

The trial court's December 2008 final judgment included an award to Smith & Assoc. LLP, of $17,000, against Stealth Industry, Inc. The trial court's December 2011 final judgment on remand included "that plaintiff David L. Smith & Associates, LLP do have and recover from defendants Stealth Industry, Inc., . . . the sum of $16,500 plus $5,775 in pre-judgment interest." However, the trial court's final judgment neglected to include the additional $500 damages previously awarded to appellant Smith & Associates, LLP, against defaulting defendant Stealth Industry, Inc. as was noted in our opinion and affirmed in our judgment. *See Stealth Detection,* 327 S.W.3d at 878 n.4. Accordingly, we sustain appellant's second issue and modify the trial court's judgment to include the additional $500 damage award to Smith & Associates, L.L.P. against defaulting defendant Stealth Industry, Inc. *See* TEX. R. APP. P. 51.1.

In their third issue, appellants claim the trial court erred by failing to award attorney's fees. Specifically, appellants now argue that because the motion to enter judgment included an affidavit with requested attorney's fees, and appellees failed to file any response to appellants' motion, the evidence was clear, positive, and direct, it was not controverted, and a "trial" should not have been required. An award of "attorney's fees rests with the sound discretion of the trial court and will not be reversed without a showing of abuse of that discretion." *See Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex. 1990); *Spector Gadon & Rosen, P.C. v. Sw. Sec., Inc.*, 372 S.W.3d 244, 251 (Tex. App.—Dallas 2012, no pet.).

Our November 16, 2010 opinion remanded this cause "to the trial court for further proceedings, including determination of appellants David L. Smith & Associates L.L.P. and Eddie Large's reasonable and necessary attorney's fees for enforcement of the August 11, 2005

agreement." S*tealth Detection,* 327 S.W.3d at 880. On remand and after the trial court had set the cause for trial, appellants moved for entry of final judgment. As part of their motion, appellants included an affidavit from Mark Lee. The motion requested attorney's fees for enforcement of their Rule 11 agreement in the amount of $4,500.00 plus pre- and post-judgment interest. Appellees did not challenge the affidavit. The trial court scheduled a hearing on the motion to enter judgment at which appellants appeared, appellee Stull appeared, but appellees Stealth Detection, Inc. and Townsend failed to appear. The record reflects the court heard argument as to why the court should award the requested attorney's fees based on the affidavit and without a trial to allow cross-examination. The court's order denied appellant's motion to enter judgment stating the matter remained on the trial docket for September 15, 2011.

The record reflects appellants' attorney called the trial court on the day of trial and notified the court "he would not appear today as his client would not pay for a trip to Dallas." Counsel for appellees then moved for a directed verdict in favor of appellees which the court granted. The trial court's 2011 final judgment states "that plaintiffs David L. Smith & Associates, L.L.P. and Eddie Large take nothing from defendants Stealth Detection, Inc., and Charles Townsend on the remaining trial issue of reasonable and necessary attorney's fees for enforcement of the August 11, 2005 agreement."

The award of appellants' reasonable and necessary attorney's fees presented a fact question for the trial court. *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998) (reasonableness of attorney's fee award is a fact question); *Hudspeth County Underground Water Conservation Dist. No. 1 v. Guitar Holding Co.*, 355 S.W.3d 428 (Tex. App.—El Paso, 2011, pet. denied) (citing *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990)). In *Ragsdale*, the Texas Supreme Court explained:

> [W]e do not mean to imply that in every case when uncontradicted testimony is offered it mandates an award of the amount claimed. For example, even though

the evidence might be uncontradicted, if it is unreasonable, incredible, or its belief is questionable, then such evidence would only raise a fact issue to be determined by the trier of fact.

*Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990). The record reflects the trial court followed our mandate upon remand by scheduling proceedings to determine the remaining fact question regarding attorney's fees. Unfortunately, the record is clear that appellants chose not to appear for the scheduled trial. We conclude appellants have failed to show the trial court abused its discretion by requiring a trial to determine the "reasonable and necessary attorney's fees for enforcement of the August 11, 2005 agreement" as mandated by this Court. Appellants' third issue is overruled.

In their fourth issue, appellants claim the trial judge should have been recused from further proceedings in this case. We review the denial of a motion to recuse for an abuse of discretion. TEX. R. CIV. P. 18a(j); *McElwee v. McElwee*, 911 S.W.2d 182, 185 (Tex. App.—Houston [1st Dist.] 1995, writ denied). An abuse of discretion is shown when the court acted without reference to any guiding rules and principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986). "The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Id.* at 242; *Enterprise–Laredo Assocs. v. Hachar's, Inc.*, 839 S.W.2d 822, 841 (Tex. App.-San Antonio), *writ denied per curiam*, 843 S.W.2d 476 (Tex.1992).

Appellants filed a motion to recuse Judge King Fifer after remand on March 1, 2011. The motion failed to state any specific facts supporting the recusal. *See* TEX. R. CIV. P. 18a(a) (The motion shall be verified and must state with particularity the grounds why the judge before whom the case is pending should not sit.). On March 7, 2011 the motion to recuse was denied by Judge Fifer. On March 11, 2011, appellants filed their verified motion to recuse, requesting the

same recusal of Judge Fifer as found in their original motion but included grounds for recusal. The case was assigned to senior district Judge Pat McDowell to hear the motion to recuse. Judge McDowell held a hearing on the motion on April 8, 2011. At the hearing, the assigned judge determined that our reversal and remand of Judge Fifer's 2008 final judgment was not enough to show a bias by Judge Fifer. The other item appellants complain about is a single comment after the final judgment had been signed and appellants had twice requested findings of facts and conclusions of law from Judge Fifer. Further, the individual comment was not a comment on the weight of the evidence. And finally, our 2010 opinion stated the record shows appellants have "suffered no injury by the trial court's failure to make additional findings on their causes of action for statutory damages for unsolicited faxed advertisements." *Stealth Detection*, 327 S.W.3d at 879. Therefore, we conclude the assigned judge properly denied appellants' motion to recuse. Appellants' fourth issue is overruled.

*Conclusion*

We modify the trial court's judgment to include an additional $500 damage award to Smith & Associates, LLP, against defaulting defendant Stealth Industry, Inc. In all other respects, we affirm the trial court's judgment.

/David Lewis/
DAVID LEWIS
JUSTICE

120073F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAVID L. SMITH & ASSOCIATES, L.L.P,
ET AL., Appellants

No. 05-12-00073-CV        V.

STEALTH DETECTION, INC., ET AL.,
Appellees

On Appeal from the County Court at Law
No. 2, Dallas County, Texas
Trial Court Cause No. CC-04-12049-B.
Opinion delivered by Justice Lewis.
Justices Bridges and O'Neill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:
> Plaintiff David L. Smith & Associates, L.L.P. shall recover an additional $500.00
> damage award from defendants Stealth Industry, Inc.

It is **ORDERED** that, as modified, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 29th day of May, 2013.

/David Lewis/
DAVID LEWIS
JUSTICE