

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00203-CV

ANGELA KATE WHITTENBURG WANG, ET AL., APPELLANTS

V.

JOHN BURKHART WHITTENBURG, ET AL., APPELLEES

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 81141A, Honorable Dan Schaap, Presiding

March 21, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.[1]

This appeal concerns the recovery of attorney's fees as damages for a breach of contract.[2]  The trial court denied recovery.  We affirm.

---

[1] Justice Doss not participating.

[2] The parties to this appeal are members of the Whittenburg Family.  Appellants consist of Angela Kate Whittenburg Wang, Justin McKee Whittenburg, Benjamin Burkhart Whittenburg, Secily Sibil Whittenburg Torn, Amanda Grace Whittenburg Brack, Lois Whittenburg Rowley, Roy Whittenburg, Jr., and Ann Boxwell Bynum Whittenburg (collectively referred to as Angela Kate or Angela Kate litigants). Appellees consist of John Burk Whittenburg, Evelyn Whittenburg Coltrin, Anne Whittenburg Johnston, Carol Snow Whittenburg, George Burkhart Whittenburg II (collectively referred to as John Burk or John Burk litigants).

***Background***

The contract breached consisted of a compromise and settlement agreement (Agreement One) struck in effort to resolve multiple suits pending in both Randall and Potter Counties. The parties to those suits were members of the Whittenburg Family, and a 20,000-acre family ranch crossing from New Mexico into Colorado served as the source of the underlying controversy. Via Agreement One, the parties promised to cooperate in an in-kind partition of the ranch. If those efforts proved unsuccessful, then it was understood other legal proceedings could be pursued to achieve the desired end. Those other proceedings (which apparently concerned suits for partition in New Mexico and Colorado) were addressed in a different settlement agreement (Agreement Two), which agreement was incorporated into Agreement One.[3]

Furthermore, Agreement Two contained a provision stating that if the parties could not "agree on a partition in kind" then they "stipulate that the Court shall instruct the Commissioners to partition in kind the deeded lands and the leasehold interests" (the Stipulation). Because the parties could not themselves successfully reach a satisfactory partition in kind, the Angela Kate litigants turned to the New Mexico court to effectuate a partition in kind per the aforementioned clause in Agreement Two. The John Burk litigants, though, impeded that effort. Instead, they "asserted positions that were totally at odds with their obligation to follow through in a straightforward manner with the stipulation to which they had already agreed; i.e. to 'stipulate that the Court shall instruct the Commissioners to partition in kind the deeded lands and the leasehold interests.'"

---

[3] Agreement Two arose from litigation pending in New Mexico.

2

Eventually, the John Burk litigants "conceded to the above stipulation in the New Mexico Litigation." But, the partition had yet to occur, and the New Mexico Litigation remained pending when Angela Kate sued John Burk in Randall County for breach of contract, restitution, and promissory estoppel.

The Randall County trial court tried the dispute. It rejected the claims for restitution and promissory estoppel but held that John Burk's "failure to comply with the Partition in Kind Requirement in the New Mexico Litigation constituted a breach of the settlement agreement." It also found that the breach "caused [Angela Kate] to incur $216,112 in reasonable and necessary attorneys' fees in the New Mexico Litigation in excess of the amount of reasonable and necessary attorneys' fees that [Angela Kate] would have incurred in the New Mexico Litigation if . . ." John Burk had not breached the clause in Agreement Two. It also held that 1) "[t]he attorney's fees incurred by Plaintiffs in the New Mexico Litigation do not constitute damages in this lawsuit" and 2) Angela Kate litigants were "not entitled to recover their attorney's fees incurred in the captioned matter because they did not recover an award for damages, specific performance, or injunctive relief, or based on a cause of action for which attorney's fees are recoverable." That resulted in the trial court entering judgment awarding Angela Kate nothing and this appeal.

### Issue One—Misapplication of Law

Angela Kate initially contends the trial court misapplied Texas contract law and erred in denying damages from the breach. The misapplication involved the trial court's denial of litigation expenses (attorney's fees) incurred when John Burk failed to abide by the Stipulation regarding partition in kind. As urged by Angela Kate, "[t]he parties bargained for the final terms in the Settlement Agreement, which included an agreement

3

to avoid delay and contested litigation in the event further partition proceedings were required." Yet, John Burk "disagreed and delayed at every turn in the New Mexico Partition Suit" thereby breaching "the Partition in Kind Requirement." That caused Angela Kate "to engage in lengthy and expensive litigation in New Mexico" which "deprived [them] of the very thing they had bargained for . . . a voluntary, cooperative process that would avoid either party incurring excessive fees in litigation." Additionally, the attorney's fees related to securing compliance with the partition in kind clause were allegedly the foreseeable and natural result of the breach and "the very thing the parties sought to avoid by the terms of their agreement." Thus, they represent the bargain lost and are recoverable as damages. We overrule the issue.

That Angela Kate is not suing upon a provision in either Agreement One or Two expressly allowing the recovery of attorney's fees as damages for a breach is certain. Instead, she argues that attorney's fees should be awarded as consequential damages caused by enforcing a contract executed to avoid the incurrence of unnecessary attorney's fees and litigation expenses. In other words, the Angela Kate litigants executed Agreement One and Two to settle a dispute and thereby avoid further litigation expense, namely attorney's fees. Because the John Burk litigants denied them the benefit of that bargain, the cost of regaining it (i.e., enforcing the agreed -upon way to partition) should be recoverable damages. Yet, our own precedent poses an obstacle.

In *Tomorrow Telecom, Inc. v. Johnson*, No. 07-19-00427-CV, 2021 Tex. App. LEXIS 1890 (Tex. App.—Amarillo Mar. 11, 2021, no pet.) (mem. op), we held that [a]ttorney's fees incurred in a breach of contract action do not qualify as damages." *Id.* at *14. Like the circumstances at bar, those in *Tomorrow Telecom, Inc.* also involved a

4

settlement agreement and its breach. The settlement agreement there, though, was one struck under Texas Rule of Civil Procedure 11. Nevertheless, Rule 11 agreements are contractual in nature, *see id.* at *7, and enforceable as a contract. *David L. Smith & Assocs., L.L.P. v. Stealth Detection, Inc.*, 327 S.W.3d 873, 880 (Tex. App.—Dallas 2010, no pet.) (stating that a "Rule 11 agreement is enforceable as a contract"). And, when Johnson sought to enforce the Rule 11 accord through his allegation of breached contract, we noted the absence of evidence establishing an element to the claim, that element being damages. *Tomorrow Telecom, Inc.*, supra at *13-14. We then held that attorney's fees incurred to enforce the agreement could not fill the void. *Id.* To support our holding, we cited *Berg v. Wilson*, 353 S.W.3d 166 (Tex. App.—Texarkana 2011, pet. denied).

The *Berg* court dealt with an argument the essence of which is that proffered by Angela Kate. Like the latter, Wilson too argued that the damage resulting from the breached contract (again a Rule 11 agreement) was "the continuation of the litigation and the resulting attorneys' fees she incurred." *Id*. at 182. In other words, she also did not get the benefit of her bargain implicit in executing the settlement agreement. And, this "loss . . . mirrors the damage elements in contract settings." *Id.* "[B]ecause she was forced to continue the litigation with resulting, necessary expenses, those fees [were] an element of contractual damages, and [were] thus recoverable under Section 38.001," she continued. *Id.* The panel in *Berg* considered the argument both "creative and highly logical" before concluding that it was "not supported by Texas statutory or caselaw." *Id.* So, the attorney's fees Wilson incurred to address the breached settlement agreement

5

did not constitute damages despite the desire to avoid them being the impetus for settlement.

*Berg* and our adoption of it in *Tomorrow Telecom, Inc.* control the outcome here. Non-compliance by John Burk with the provision in Agreement Two concerning the mode of partition may well have rendered foreseeable the likelihood of incurring additional attorney's fees. Yet, those fees are not recoverable damages arising from the breach of those agreements. Indeed, while "'[d]amages' compensate for loss—actual or reasonably estimable . . . not all compensation constitutes 'damages,' even when an award is necessary to make a party whole." *In re Xerox Corp.*, 555 S.W.3d 518, 529 (Tex. 2018). Generally included within the non-compensable loss are attorney's fees, according to our Supreme Court. *Id.* And, the rule uttered in *Xerox* is nothing more than reiteration of earlier precedent recognizing that "[w]hile attorney's fees for the prosecution or defense of a claim may be compensatory in that they help make a claimant whole, they are not, and have never been, damages." *In re Nalle Plastics Family L.P.*, 406 S.W.3d 168, 173 (Tex. 2013); *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 135 (Tex. 2019) (same). Again, "[n]ot every amount, even if compensatory, can be considered damages." *In re Nalle Plastics Family L.P.*, 406 S.W.3d at 173.

This is not to say that attorney's fees may never be recoverable as damages. Our Supreme Court recognized as much in *Nalle*. For instance, they may be recoverable in a claim for unpaid fees. *See In re Nalle Plastics Family L.P.*, 406 S.W.3d at 174-75. So too may they be recoverable by a malpractice plaintiff if paid in an underlying case, to the extent incurrence of the fees was proximately caused by the negligence of the defendant attorney. *Akin, Gump, Straus Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299

6

S.W.3d 106, 122 (Tex. 2009). Here, we have neither a malpractice claim involving effort by the injured plaintiff to recoup fees paid his negligent attorney or incurred to correct that malfeasant attorney's conduct, as in *Akin.* Nor were the fees sought here the substance of a claim for those fees (e.g., a debt due), as alluded to in *Nalle*. And, Angela Kate's reference to *CBIF, Ltd. P'ship v. TGI Friday's Inc.*, No. 05-15-00157-CV, 2017 Tex. App. LEXIS 3605 (Tex. App.—Dallas April 17, 2017, pet. denied) (mem. op.) does not compel us to conclude otherwise.

*CBIF* pursued a claim for breached fiduciary duty. We deem such a claim a tort. *See Plas-Tex, Inc. v. Jones*, No. 03-99-00286-CV, 2000 Tex. App. LEXIS 3188, at *13 (Tex. App.—Austin May 18, 2000, pet. denied) (mem. op.) (so characterizing a claim of breached fiduciary duty). This triggered application by the Dallas Court of Appeals of its own precedent. That precedent stated: "a plaintiff may recover in tort those damages that proximately resulted from the alleged wrongful act, including expenses incurred in hiring an attorney to investigate the injury, as distinguished from the cost of prosecuting claims against the defendant." *CBIF, Ltd. P'ship*, 2000 Tex. App. LEXIS 3188, at *39-40 (citing *Jackson v. Julian*, 694 S.W.2d 434, 437 (Tex. App.—Dallas 1985, no writ)). This is little more than application of the rule in *Akin*. However, again, we have no tort claim here, but rather one sounding in breached contract. Nor did the *CBIF* panel purport to extend its holding to cover claims for breached contract.

Angela Kate's reliance on *Mintvest Cap., Ltd. v. Coinmint, LLC*, 693 S.W.3d 834 (Tex. App.—Houston [14th Dist.] 2024, no pet.) is similarly unavailing. There, question arose about the need to domesticate a foreign (Delaware) judgment awarding approximately $88,000 in attorney's fees. *Id.* at 840-41. Apparently, Coinmint sought

7

recovery of the fees reflected in that foreign judgment via a motion for default judgment filed in a Harris County lawsuit. Apparently, the motion was granted, and the trial court issued a default judgment which included the $88,000. On appeal, Mintvest argued that 1) the default judgment had the effect of enforcing the foreign judgment and 2) such was improper because the foreign judgment had not been properly domesticated. Coinmint, relying on *Nalle*, replied that the previously awarded fees were not damages, which meant it need not pursue domestication efforts. The *Mintvest* panel disagreed with Coinmint and observed that *Nalle* "makes clear that attorney's fees stemming from an underlying cause (e.g., the Delaware case) when sought as damages in the instant case are ***actual*** damages." *Id.* at 841 (emphasis in original).

Angela Kate litigants apparently analogize the attorney's fees incurred in prosecuting the New Mexico litigation as the attorney's fees incurred in the *Mintvest* Delaware case. So, they too were damages, allegedly. Missing here, though, and present in *Mintvest* is 1) a prior judgment awarding the fees and 2) effort to enforce that judgment. The prior judgment is of import because it reflects an obligation or debt owed to pay money. *See e.g., Gillet v. ZUPT, LLC*, 523 S.W.3d 749, 755 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (stating that the "final judgment awarded each party damages" reflecting "an obligation owed by each party to pay money to the other"). Thus, the Delaware court entering a final judgment awarding Coinmint $88,000 in attorney's fees meant that the award itself became a collectible debt due from the judgment debtor. As such, the $88,000 awarded were tantamount to damages when effort was made to enforce the foreign judgment and collect the underlying debt it represented. And, in that situation, the attorney's fees that fell within the exception voiced in *Nalle*. Again, *Nalle*

8

tells us that attorney's fees forming the subject-matter of the litigation are damages. *In re Nalle*, 406 S.W.3d at 174-75. The attorney's fees encompassed within the *Mintvest* foreign judgment became the subject matter of the litigation when Coinmint tried to collect the sum awarded in that judgment. So, the exception to such fees being damages uttered in *Nalle* applied. Here, though, we have neither a pre-existing debt composed of attorney's fees upon which Angela Kate sued nor a judgment creating a debt composed of attorney's fees upon which the Angela Kate litigants sued. And, that renders *Mintvest* inapposite.

Simply put, the fees incurred in prosecuting the New Mexico litigation arose from the breach of the settlement contract reflected in Agreements One and Two. The likelihood of their incurrence may have been anticipated if the parties failed to abide by their earlier settlement, just as in *Berg.* But that matters not. Just as successfully prosecuting the breach did not entitle the victorious party to recover attorney's fees as damages in either *Tomorrow Telecom, Inc.* or *Berg*, it does not here. And, because the circumstances before us do not fall within the exceptions to the general rule alluded to in *Nalle*, *Akin*, *Xerox,* and other Supreme Court precedent, we leave it to the Supreme Court to expand the category of exceptions it created.

Indeed, it may well be time for the Supreme Court to intervene. As often happens, multiple minds considering the same subject can disagree. That rings true here. Several of our sister courts of appeals hold that if attorney's fees incurred are the natural, probable, and foreseeable consequence of an opponent's breach of a settlement agreement, then the fees are recoverable as damages. *Dallas Area Rapid Transit v. Amalgamated Transit Union Local No. 1338*, No. 05-17-01051-CV, 2018 Tex. App. LEXIS

9

9636, at *26-27 (Tex. App.—Dallas Nov. 27, 2018, no pet.) (mem. op.); *Ganske v. WRS Grp., Inc.*, No. 10-06-00050-CV, 2007 Tex. App. LEXIS 2991, at *7-8 (Tex. App.—Waco Apr. 18, 2007, no pet.) (mem. op.); *Guffey v. Clark*, No. 05-93-00849-CV, 1997 Tex. App. LEXIS 1609, at *9-10 (Tex. App.—Dallas Mar. 31, 1997, writ denied) (mem. op.). Their holdings obviously conflict with ours here and in *Tomorrow Telecom, Inc.* Yet, we must abide by our precedent. *Mitschke v. Borromeo*, 645 S.W.3d 251, 257-58 (Tex. 2022) (requiring compliance with decisions of an earlier panel of the same court of appeals). And, frankly, we believe that to follow the holdings in *Dallas Area*, *Ganske*, and *Guffey* would be to vitiate *Nalle's* general rule that "[w]hile attorney's fees for the prosecution or defense of a claim may be compensatory in that they help make a claimant whole, they are not, and have never been, damages." If the test, as indicated in *Dallas Area* and the other opinions, is merely that the fees be a natural, probable, and foreseeable consequence of an opponent's breach, then such fees would always be recoverable damages. This is so because a natural, probable, and foreseeable consequence of any purported breach of contract (or any legal dispute) is that the injured party will retain legal counsel and, therefore, incur legal fees. We hesitate to walk through that door opened by our sister courts. So, until our Supreme Court resolves the aforementioned conflict, we do not say the trial court at bar erred in holding as it did.

### Issue Two—Attorney's Fees under section 38.01 et seq.

Via their second issue, Angela Kate argues that "[i]f this Court finds, as Appellants urge it to, that the attorneys' fees incurred by Appellants in the New Mexico Partition Suit are recoverable as compensatory damages caused by Appellees' breach" then the elements for recovery of fees under § 38.001 of the Texas Civil Practice and Remedies

10

Code were met.  Thus, they were entitled to recover attorney's fees incurred in prosecuting the suit from which this appeal arose.  And, in denying same, the trial court purportedly erred.  Because we do not hold the attorney's fees incurred in the New Mexico Partition Suit are compensatory damages, an element to the foundation underlying Angela Kate's argument is missing.  So, we overrule issue two.

The judgment of the trial court is affirmed.


Brian Quinn
Chief Justice