**In re NALLE PLASTICS FAMILY LIMITED PARTNERSHIP, Relator.**

No. 11–0903.

Supreme Court of Texas.

Argued Nov. 7, 2012.

Decided May 17, 2013.

Andrew M. Greenwell, James R. Harris, Harris & Greenwell LLP, Corpus Christi, TX, Patrick P. Rogers, for Porter, Rogers, Dahlman & Gordon, P.C., Austin, TX, for Real Party in Interest.

David W. Robertson, Mark W. Long, Attorney at Law, Austin, TX, Thomas Wyatt Robertson, Baker & Robertson, Dripping Springs, TX, Vincent L. Marable III, Paul Webb PC, Wharton, TX, for Re-

lator, Nalle Plastics Family Limited Partnership.

Chief Justice JEFFERSON delivered the opinion of the Court.

To suspend enforcement of a money judgment pending appeal, a judgment debtor must post security equaling the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment.[1] We are asked to decide whether that amount includes attorney's fees incurred in the prosecution or defense of the claim. Because we conclude that it does not, we conditionally grant relief.

## I. Background

Porter, Rogers, Dahlman, & Gordon, P.C., a law firm, sued Nalle Plastics Family Limited Partnership for breach of contract, alleging that Nalle failed to pay its legal fees. A jury found that Nalle breached the agreement, resulting in $132,661 in damages. The jury also awarded Porter $150,000 as a reasonable fee for the necessary services of its attorneys in collecting the amount Nalle owed. The trial court signed a judgment awarding Porter "actual damages ... in the amount of ... $132,661.00," "attorney's fees ... in the amount of ... $150,000," pre- and post-judgment interest, and "costs of court."

To suspend enforcement of the judgment pending appeal, Nalle deposited a cashier's check with the trial court. Nalle's deposit included $132,661 for the breach of contract damages, as well as pre- and post-judgment interest, and court costs.[2] Porter complained that the judg-

ment had not been properly superseded because Nalle's deposit did not include attorney's fees, which Porter asserted are compensatory damages or costs. The trial court agreed and ordered Nalle to supplement the deposit to cover the fee award.

Nalle sought appellate relief. *See* Tex. R.App. P. 24.4(a). The court of appeals denied Nalle's motion, reasoning that attorney's fees should be included in supersedeas bonds, deposits, and securities for two main reasons. First, the Legislature intended that judgment creditors be protected during the pendency of an appeal. 406 S.W.3d 186, 197, 2013 WL 1683618. Second, the statute's 2003 amendments, which relaxed some of the burdens on the judgment debtor, did not override the statute's fundamental purpose. *Id.* at 197, 2013 WL 1683618. Because the amendment did not explicitly exclude attorney's fees, the court of appeals presumed that the Legislature intended to include attorney's fees in supersedeas amounts. *Id.* The court held that attorney's fees are both compensatory damages and costs for the purpose of suspending enforcement of a judgment. *Id.* at 203, 2013 WL 1683618.

Nalle deposited the additional amount and sought mandamus relief from this Court. *See* Tex.R.App. P. 24.4(a). We set the case for argument, 55 Tex. Sup.Ct. J. 757, —— S.W.3d —— (June 8, 2012), and now conditionally grant relief.

## II. The Statute

As part of House Bill 4, a 2003 comprehensive tort reform measure, the Legislature enacted Civil Practice and Remedies Code section 52.006. Before then, appeal

---

1. *See* Tex. Civ. Prac. & Rem.Code § 52.006(a); Tex.R.App P. 24.2(a)(1).

2. Nalle's original deposit also included damages awarded to The Lee Firm, another law

firm that was a party in the underlying suit. Nalle and The Lee Firm reached a settlement following the initial deposit.

bonds were regulated solely by the Texas Rules of Appellate Procedure, which required a party to post security covering the entire judgment, regardless of amount, plus costs and interest for the estimated duration of the appeal. Former TEX. R.APP. P. 24.2(a)(1) (eff. Sept. 1, 1997) (amended Aug. 29, 2003 and Sept. 10, 2003, eff. Sept. 1, 2003; amended Mar. 10, 2008 and Aug. 20, 2008, eff. Sept. 1, 2008). If the judgment was not fully superseded, the creditor could execute on the judgment.

House Bill 4 "reflect[ed] a new balance between the judgment creditor's right in the judgment and the dissipation of the judgment debtor's assets during the appeal against the judgment debtor's right to meaningful and easier access to appellate review." Elaine A. Carlson, *Reshuffling the Deck: Enforcing and Superseding Civil Judgments on Appeal after House Bill 4*, 46 S. TEX. L.REV. 1035, 1038 (2005). Judgment debtors must now post appeal bonds "equal [to] the sum of ... the amount of compensatory damages awarded in the judgment[,] ... interest for the estimated duration of the appeal[,] and ... costs awarded in the judgment." TEX. CIV. PRAC. & REM.CODE § 52.006(a). The amendment also capped security at the lesser of fifty percent of the judgment debtor's net worth, or $25 million. *Id.* § 52.006(b)(2). A trial court must reduce the amount of security if a judgment debtor shows he is likely to suffer substantial economic harm—a less onerous burden than the previous standard, which required a showing both of irreparable harm to the debtor and that a lesser amount would not substantially impair a judgment creditor's ability to recover under the judgment after appellate remedies were exhausted. *Compare id.* §§ 52.006(b)(1), (c), *with* former TEX.R.APP. P. 24.2(b). We amended the procedural rules to conform to the new law. *See* TEX.R.APP. P. 24, amended Aug. 29, 2003, eff. Sept. 1, 2003.

## III. Conflict Among the Courts of Appeals

We have not yet addressed whether attorney's fees should be considered either compensatory damages or costs when calculating supersedeas amounts. The courts of appeals are divided on the issue.

In *Fairways Offshore Exploration, Inc. v. Patterson Services, Inc.*, 355 S.W.3d 296 (Tex.App.–Houston [1st Dist.] 2011, no pet.), Patterson prevailed in its breach-of-contract suit against Fairways. As in this case, the parties disputed whether fees incurred while prosecuting the claim were compensatory damages. The court relied on the meaning of "compensatory damages" found in Black's Law Dictionary— " 'damages sufficient in amount to indemnify the injured person for the loss suffered' "—to conclude that the term included attorney's fees. *Id.* at 301 (quoting BLACK'S LAW DICTIONARY 445 (9th ed.2009)). The court reasoned that because the jury awarded Patterson attorney's fees to compensate it for the money spent "to obtain relief against Fairways, [then attorney's fees] fit within the common meaning of 'compensatory damages.' " *Id.* It concluded that Civil Practice and Remedies Code chapter 41's "compensatory damages" definition did not apply to questions of appellate security under chapter 52. *Id.* at 302 (observing that "the definitions employed in [c]hapter 41 are expressly prescribed to apply to that chapter only, not to section 52.006"). Finally, the court noted that if the Legislature wanted to exclude attorney's fees, it could have used the term "actual damages" rather than the more encompassing "compensatory damages" to describe what must be included to secure a money judgment. *Id.* at 302–03.

Likewise, in *Corral–Lerma v. Border Demolition & Environmental, Inc.*, No.

08–11–00134–CV, 2012 WL 1943763 (Tex. App.–El Paso May 30, 2012, orig. proceeding [mand. pending] ), the court held that attorney's fees must be superseded. The court followed the *Fairways* court's reasoning, noting that attorney's fees should be considered compensatory damages, as defined in Black's Law Dictionary, because those fees "compensate[ ] or indemnif[y] a defendant for the legal expense he incurs in successfully defending against a claim made against him." *Id.* at *5. Additionally, any definitions found in other chapters of the Civil Practice and Remedies Code, specifically from chapter 41, should not apply. *Id.* at *3–5. Because chapter 41 is expressly inapplicable to certain cases, the court reasoned, looking to chapter 41's damages definition for a global answer to the attorney's fee issue would "create[ ] confusion in what should be a fairly straightforward matter." *Id.* at *5.

In *Clearview Properties, L.P. v. Property Texas SC One Corp.*, 228 S.W.3d 262, 264 (Tex.App.–Houston [14th Dist.] 2007, no pet.) (per curiam), the court reasoned that attorney's fees "are in the nature of costs ... [and] should be considered part of the 'costs awarded in the judgment.'" The court also recognized that the parties' contract provided for attorney's fees "as compensation." *Id.* The court held that "[w]hether, under the facts of this case, the attorney's fees awards are in the nature of costs or damages, neither Rule 24, nor section 41.001, precludes the trial court from setting an amount ... to secure this award." *Id.*

Conversely, other courts of appeals have found that attorney's fees should not be included in the amount required to sus-

pend enforcement of a judgment. In *Shook v. Walden*, 304 S.W.3d 910, 922 (Tex.App.–Austin 2010, no pet.), the court reviewed House Bill 4 and concluded that the Legislature, desiring to make appeals more accessible to judgment debtors, did not intend for attorney's fees to be included in supersedeas bonds. Further, the court determined that the definitions of compensatory damages and costs and the treatment of attorney's fees found in other Code sections revealed the Legislature's intent to exclude attorney's fees from supersedeas amounts. *See id.* at 919–26.

Finally, in *PopCap Games, Inc. v. MumboJumbo, LLC*, 317 S.W.3d 913, 914 (Tex. App.–Dallas 2010, no pet.), the court followed *Shook's* reasoning to hold "that section 52.006 does not require the superseding of attorney's fees." [3]

## IV. Are attorney's fees compensatory damages?

### A. Attorney's fees incurred in the prosecution or defense of a claim are not compensatory damages.

■ The court of appeals held that Porter's attorney's fees were "compensatory damages" because the fees " 'represent[ed] ... out-of-pocket losses that [the plaintiffs] incurred in prosecuting their breach of contract claims.'" 406 S.W.3d at 199, 2013 WL 1683618 (quoting *Fairways*, 355 S.W.3d at 301). Chapter 52 does not define "compensatory damages." According to Black's Law Dictionary, the term means "damages sufficient in amount to indemnify the injured person for the loss suffered." Black's Law Dictionary 445 (9th ed.2009). The dictionary notes that the phrase is interchangeable with "actual

---

**3.** The same court affirmed its reasoning in *Imagine Automotive Group, Inc. v. Boardwalk Motor Cars, LLC*, 356 S.W.3d 716 (Tex.App.–Dallas 2011, no pet.). Again citing *Shook*, the court reasoned that there is a difference be-

tween damages awarded for an underlying claim and attorney's fees. *Id.* at 720. *Imagine*, however, addressed the Texas Theft Liability Act, not appeal bonds.

damages," defined as "[a]n amount awarded to a complainant to compensate for a proven injury or loss; damages that repay actual losses." *Id.* Conversely, "attorney's fees" are defined as "[t]he charge to a client for services performed for the client, such as an hourly fee, a flat fee, or a contingent fee." *Id.* at 148. While this shows that the terms have different meanings, it does not answer whether attorney's fees are included within "compensatory damages." The phrase's ordinary meaning, our precedent, and the relevant statutes, however, confirm that they are not.

Courts have long distinguished attorney's fees from damages. *See, e.g., Landa v. Obert*, 45 Tex. 539, 544–45 (Tex.1876) (holding "that the decided weight of authority is against the proposition that the plaintiff has the right to claim his counsel fees ... as a part of his damages"); *Wm. Cameron & Co. v. Am. Surety Co. of N.Y.*, 55 S.W.2d 1032, 1035 (Tex. Comm'n App. 1932) (noting that "[c]ounsel fees incurred in prosecuting a suit for or defending

against a wrong are not ordinarily recoverable as actual damages"). Numerous appellate court decisions,[4] including four from the court of appeals below,[5] confirm this distinction.

The Legislature also separates attorney's fees from damages. Texas follows the American Rule, which provides that there can be no recovery of attorney's fees unless authorized by contract or statute. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310–11 (Tex.2006). In accordance with that rule, the Legislature specifically designates when attorney's fees may be recovered and, in doing so, distinguishes between fees and damages. Civil Practice and Remedies Code chapter 38, the primary statute governing such fees, allows a prevailing party to "recover reasonable attorney's fees ... *in addition to* the amount of a valid claim and costs, if the claim is for ... an oral or written contract." Tex. Civ. Prac. & Rem.Code § 38.001 (emphasis added).

---

4. *See, e.g., Haden v. David J. Sacks, P.C.*, 222 S.W.3d 580, 597 (Tex.App.–Houston [1st Dist.] 2007) ("Attorney's fees are ordinarily not recoverable, therefore, *as* actual damages in and of themselves.") (emphasis in original), *rev'd on other grounds*, 266 S.W.3d 447, 448 (Tex.2008); *Melson v. Stemma Exploration & Prod. Co.*, 801 S.W.2d 601, 603 (Tex.App.– Dallas 1990, no writ) ("Attorney's fees incurred in prosecuting a suit for or defending against a wrong are not ordinarily recoverable as actual damages."); *Houghton v. Wholesale Elec. Supply*, 435 S.W.2d 216, 220 (Tex. Civ.App.–Waco 1968, writ ref'd n.r.e.) (same); *see also Carter v. Flowers*, No. 02–10–00226-CV, 2011 WL 4502203, at *4 n. 30 (Tex.App.– Fort Worth Sept. 29, 2011, no pet.) (mem. op.) (noting that attorney's fees are not economic damages); *Southland Lloyds Ins. Co. v. Cantu*, No. 04–09–00705-CV, 2011 WL 1158244, at *13 n. 7 (Tex.App.–San Antonio Mar. 30, 2011, pet. denied) ("[A]ttorney's fees are not economic damages."); *Shafer v. Gulliver*, No. 14–09–00646-CV, 2010 WL 4545164, at *11 (Tex. App.–Houston [14th Dist.] Nov. 12, 2010, no pet.) (mem. op.)

("The attorney's fees incurred by the Gullivers for prosecuting their breach of contract claim against the Shafers are not economic damages.").

5. *See Northfield Ins. Co. v. Nabors Corp. Servs.*, No. 13–07–093-CV, 2009 WL 1546848, at *6 (Tex.App.–Corpus Christi May 29, 2009, no pet.) (mem. op.) (holding that "[a]ttorneys' [sic] fees are in the nature of costs, not damages"); *Intercontinental Grp. P'ship v. KB Home Lone Star, L.P.*, 295 S.W.3d 668, 675 (Tex.App.–Corpus Christi 2007) (mem. op.) (noting that attorney's fees are generally not considered damages), *rev'd*, 295 S.W.3d 650 (Tex.2009); *Alma Grp., L.L.C. v. Palmer*, 143 S.W.3d 840, 845–46 (Tex.App.–Corpus Christi 2004, pet. denied) (holding that "attorney fees are in the nature of costs, not damages"); *City of San Benito v. Ebarb*, 88 S.W.3d 711, 723 n. 15 (Tex.App.-Corpus Christi 2002, pet. denied) (holding that declaratory judgment action seeking attorney's fees against the state was not a suit for damages that would be barred by immunity).

To recover attorney's fees under this statute, a party must first prevail on the underlying claim *and* recover damages. *MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 666 (Tex.2009). "The second requirement is implied from the statute's language: for a fee recovery to be 'in *addition* to the amount of a valid claim,' the claimant must recover some amount on that claim." *Id.* (emphasis in original); *see also Shook*, 304 S.W.3d at 922 (noting that the phrase "in addition to" suggests that the Legislature intended to differentiate between attorney's fees, damages awarded for a valid claim, and costs). Many of our decisions confirm this understanding.[6]

These cases demonstrate the difference between compensation owed for an underlying harm and fees that may be awarded for counsel's services. *See, e.g., Huff v. Fid. Union Life Ins. Co.*, 158 Tex. 433, 312 S.W.2d 493, 501 (1958) (holding that "attorney's fees are not part of [a] demand or claim, but are in the nature of a penalty, or punishment for failure to pay a just debt"); *Sherrick v. Wyland*, 14 Tex.Civ.App. 299, 37 S.W. 345, 345 (1896, no writ) (noting that "fees of counsel, incurred in prosecuting a suit for or defending against a wrong, are not ordinarily recoverable as actual damages, because they are not considered proximate results of such wrong"). We have previously said that "suits cannot be maintained solely for the attorney's fees; a client must gain something *before* attorney's fees can be awarded." *MBM Fin.*, 292 S.W.3d at 663 (emphasis added).

While attorney's fees for the prosecution or defense of a claim may be compensatory in that they help make a claimant whole, they are not, and have never been, damages. Not every amount, even if compensatory, can be considered damages. Like attorney's fees, court costs make a claimant whole, as does pre-judgment interest. Yet it is clear that neither costs nor interest qualify as compensatory damages. Otherwise, there would be no need to list those amounts separately in the supersedeas bond statute. *See* Tex. Civ. Prac. & Rem.Code § 52.006(a) (security must be "equal [to] the sum of . . . the amount of compensatory damages awarded in the judgment[,] . . . interest for the estimated duration of the appeal[,] and . . . costs awarded in the judgment"); *see also Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex.2000) (noting that the

---

6. *See, e.g., Ashford Partners, Ltd. v. ECO Res., Inc.*, 401 S.W.3d 35 (Tex.2012) (holding that plaintiff was not entitled to recover attorney's fees under Chapter 38 because "to qualify for fees under the statute, a litigant must prevail on a breach of contract claim *and recover damages*") (emphasis added); *1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 390 (Tex.2011) (noting that "[a]ttorney's fees under section 38.001(8) are, in essence, an *additional* remedy so that a prevailing plaintiff may recoup the cost of trying a case and do not generally interrupt the measure of damages for a particular claim") (emphasis in original); *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 201 (Tex.2004) (holding that plaintiff was not entitled to recover attorney's fees because it was not awarded damages on the underlying breach of contract claim); *Green Int'l, Inc. v.*

Solis, 951 S.W.2d 384, 390 (Tex.1997) (holding that in order to recover attorney's fees, "a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages"); *Intercontinental Grp. P'ship*, 295 S.W.3d at 653–56 (holding that a party could not recover attorney's fees because a jury determined that it was not entitled to compensation for its damages, and thus it had not prevailed on its breach of contract claim); *see also Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)(noting that 42 U.S.C. § 1988, which awarded attorney's fees to the "prevailing party," required that a party must have received some relief on the merits of the claim, even in the form of nominal damages, *before* being eligible for an award of attorney's fees) (emphasis added).

Court gives effect to all words of a statute and does not treat any language as surplusage).

While chapter 52 does not define "compensatory damages," chapter 41 does. As the court of appeals noted, that definition does not explicitly include attorney's fees. *See* 406 S.W.3d at 208, 2013 WL 1683618; *see also Shook,* 304 S.W.3d at 921 ("Although attorney's fees are frequently a substantial component of recoveries in civil cases, the [L]egislature never mentioned them in any of chapter 41's definitions."). The term includes "economic and noneconomic damages," and "does not include exemplary damages." *Id.* § 41.001(8). "Economic damages" are those "intended to compensate a claimant for actual economic or pecuniary loss." *Id.* § 41.001(4). "Noneconomic damages" are "damages awarded for the purpose of compensating a claimant for . . . nonpecuniary losses of any kind other than exemplary damages." *Id.* § 41.001(12). "Exemplary damages" are "any damages awarded as a penalty or by way of punishment but not for compensatory purposes." *Id.* § 41.001(5).

Our courts of appeals disagree about whether chapter 41's compensatory damages definition governs here. Some note that the definitions explicitly apply only "[i]n this chapter," and that chapter 41 is itself inapplicable to certain statutory claims.[7] *See, e.g., Corral–Lerma,* 2012 WL 1943763, at *4–5 (noting that relying on chapter 41's definitions would "create[ ] confusion," particularly when trying to define the same terms found in the statutory sections that chapter 41 explicitly excludes); *Fairways,* 355 S.W.3d at 302 (determining that "the definitions employed in Chapter 41 are expressly prescribed to apply to that chapter only"). Relying on chapter 41's definition, they contend, would lead to confusion in those cases not governed by that chapter.

Other courts note that chapter 41's provisions apply to "any action in which a claimant seeks damages relating to a cause of action." TEX. CIV. PRAC. & REM.CODE § 41.002(a). Like the changes to the supersedeas requirements, the Legislature enacted chapter 41's compensatory damages definition as part of House Bill 4, reflecting an intent that the same definition apply to both provisions. *See, e.g., Shook,* 304 S.W.3d at 920 ("We also observe that section 52.006 and chapter 41's definition of 'compensatory damages' have common origins in H.B. 4, and it is also significant that H.B. 4 broadened the scope of chapter 41 from solely an exemplary damages regulation to its current form.").

We need not conclude that chapter 41's "compensatory damages" definition explicitly governs here. At the very least, it is consistent with our own conclusion based on the phrase's ordinary meaning and our precedent—that attorney's fees incurred in the prosecution or defense of a claim are not compensatory damages. *Cf. Tex. Dep't of Transp. v. Needham,* 82 S.W.3d 314, 318 (Tex.2002) ("Statutory terms should be interpreted consistently in every part of an act.").

**B. Some attorney's fees qualify as compensatory damages.**

◼ Nonetheless, we reject the idea that attorney's fees can *never* be considered compensatory damages. In this case, for example, Porter's underlying breach of contract suit against Nalle involved allega-

---

7. Chapter 41 does not apply to the Texas Free Enterprise and Antitrust Act of 1983, the Human Resources Code chapter 36, the Insurance Code chapter 21, or to actions brought under the Deceptive Trade Practices–Consumer Protection Act (except as specifically provided in Section 17.50 of that Act). TEX CIV PRAC. & REM.CODE § 41.002(d).

tions of a failure to pay attorney's fees for prior representation. While attorney's fees incurred in prosecuting this claim are not compensatory damages, the fees comprising the breach-of-contract damages are. If the *underlying* suit concerns a claim for attorney's fees as an element of damages, as with Porter's claim for unpaid fees here, then those fees may properly be included in a judge or jury's compensatory damages award. *See, e.g., Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 111 (Tex.2009) (holding that a party may recover damages for attorney's fees paid in the underlying suit).

## V. Attorney's fees are not costs.

■ We must also consider whether attorney's fees are "costs," a term undefined by chapter 52. Both the old and new statutes require a judgment debtor to secure costs, although the new statute uses the slightly more specific phrase "costs awarded in the judgment." TEX. CIV. PRAC. & REM.CODE § 52.006(a). The court of appeals held that the word was ambiguous, because it could refer either to "court costs," defined by Black's Law Dictionary to include " '[t]he charges or fees taxed by the court, such as filing fees, jury fees, courthouse fees, and reporter fees,' " or to "litigation costs," like " '[t]he expenses of litigation, prosecution, or other legal transaction, esp[ecially] those allowed in favor of one party against the other.' " 406 S.W.3d at 209, 2013 WL 1683618 (quoting BLACK'S LAW DICTIONARY 398 (9th ed.2009)). Because the court believed that "costs awarded in the judgment" could include litigation costs, it held that attorney's fees

must be included in the supersedeas amount. *Id.*

We disagree that "costs awarded in the judgment" includes anything other than what it ordinarily means: court costs. *See Guitar Holding Co., L.P. v. Hudspeth Cnty. Underground Water Conservation Dist. No. 1*, 263 S.W.3d 910, 915 (Tex.2008) ("Terms that are not otherwise defined are typically given their ordinary meaning."). "Costs," when used in legal proceedings, refer not just to any expense, but to those paid to courts or their officers—and costs generally do not include attorney's fees. As we have recognized for decades, "the term 'costs' is generally understood [to mean] the fees or compensation fixed by law collectible by the officers of court, witnesses, and such like items, and does not ordinarily include attorney's fees which are recoverable only by virtue of contract or statute." *Johnson v. Universal Life & Accident Ins. Co.*, 127 Tex. 435, 94 S.W.2d 1145, 1146 (1936). Courts have long held that "attorney's fees, in this state, in view of our various statutes on the question of costs, cannot be classed as costs, and that the court would have no power to so declare such fees as costs, and to give judgment therefor." *McClelland v. McClelland*, 37 S.W. 350, 359 (Tex.Civ.App.1896, writ ref'd). We have concluded, in the context of a tariff rule, that "[t]he term 'costs' simply does not include attorney's fees." *Am. Airlines, Inc. v. Swest, Inc.*, 707 S.W.2d 545, 548 (Tex.1986).[8]

This usage is buttressed by the way "costs" is used elsewhere in the Code. Civil Practice and Remedies Code chapter 38 differentiates between attorney's fees and costs. *See* TEX. CIV. PRAC. & REM.CODE § 38.001 (providing that "[a] person may

---

**8.** *See also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 759, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980) (noting that under the " 'American rule' … attorney's fees ordinarily are not among the costs that a winning party may

recover"); Carlson, *Reshuffling the Deck*, 46 S. TEX. L.REV. at 1090, n. 319 (noting that "attorneys fees are [not] traditionally considered costs of court").

recover reasonable attorney's fees ... *in addition to the amount of a valid claim and costs*") (emphasis added). Similarly, section 31.007 authorizes a court to include in its judgment "all costs, including ... fees of the clerk and service fees due the county; fees of the court reporter ...; masters, interpreters, and guardians ad litem ...; and such other costs and fees as may be permitted by these rules and state statutes." TEX. CIV. PRAC. & REM.CODE § 31.007(b).[9] In chapter 12, costs "include all court costs, attorney's fees, and related expenses of bringing the action," demonstrating that when the Legislature intended for attorney's fees to be considered costs, it specifically said so. *See* TEX. CIV. PRAC. & REM.CODE § 12.006(b). Our procedural rules permit a successful litigant to "recover of his adversary all costs incurred therein, except where otherwise provided." TEX.R. CIV. P. 131. This conception of costs is also reflected in the trial court's judgment, which held Nalle liable for "[c]osts of court," separate from, and in addition to, the attorney's fees award. If all of these "costs" included attorney's fees, there would be little left of the American Rule.

Some courts of appeals have relied on cases holding that attorney's fees are "in the nature of costs" to conclude that they must be superseded. *See, e.g., Clearview,* 228 S.W.3d at 264 (noting that attorney's fees "are in the nature of costs ... [and] should be considered part of the 'costs awarded in the judgment' ").[10] Attorney's fees *are* like costs in that both may be taxed against a losing party. *See Huff,* 312 S.W.2d 493 at 501 ("[A]ttorney's fees, *while not costs,* partake of the nature of the costs of suit and are assessed in accordance with the judgment.") (emphasis add-

ed). But the statute requires security only for costs themselves, not everything similar to them.

Finally, the court of appeals' conclusion that "costs" might include "litigation costs" is inconsistent with the Legislature's use of the term "litigation costs" elsewhere in the Code. Chapter 42 defines litigation costs in the context of settlement procedures related to claims for monetary relief. *Id.* §§ 42.001–.002. The Code provides that litigation costs include reasonable attorney's fees and court costs. *Id.* § 42.001(5). This definition again demonstrates the Legislature's distinction between attorney's fees and court costs. Not only that, but the Legislature uses the defined term "litigation costs" when it refers to expenses that include both. *See also id.* §§ 42.004(e), (f) (distinguishing between litigation costs and fees and costs recoverable under another law). And chapter 42 also demonstrates that while "costs" and "court costs" are used interchangeably in other sections of the Code and in common usage, the same is not true for "costs" and "litigation costs."

## VI. Conclusion

Because attorney's fees are neither compensatory damages nor costs for purposes of suspending enforcement of a money judgment, we conditionally grant the writ and direct the trial court to vacate its order and refund any monies overpaid by Nalle. We are confident the trial court will comply, and our writ will issue only if it does not.

---

9. *See also, e.g.,* TEX. CIV. PRAC. & REM.CODE § 6.002 (using "costs" and "court costs" interchangeably).

10. *See also Williams v. Compressor Eng'g Corp.,* 704 S.W.2d 469, 474 (Tex.App.–Houston [14th Dist.] 1986, writ ref'd n.r.e.) (holding that "[a]ttorney's fees are in the nature of costs, not damages").