Bob Pemberton, Justice, dissenting.
The Court's judgment rests upon its conclusion that the Texas Citizens Participation Act (TCPA), though intended to be a weapon against a type of lawsuit abuse,[1] is also a broader weapon against weapons against lawsuit abuse, seemingly including the TCPA itself.[2] Without question, "we 'must apply the [TCPA] as written,' " as the Court professes,[3] and the implications can sometimes " 'sound crazy,' " as compared to conventionally understood "anti-SLAPP" objectives, because the Act's protections *234 extend so far beyond constitutionally protected expression.[4] But I must respectfully differ with the Court's reading of the Act here.
Appellees' sanctions request, whatever one might think of its merits or civility, is not a "legal action" subject to TCPA dismissal, so the district court did not err in denying Hawxhurst's TCPA motion. This is so because the TCPA's definition of "legal action," read carefully and in context, refers to a "legal action" in the sense of a procedural vehicle for the vindication of some substantive cause of action or right of relief. I detailed this analysis in In re Elliott ,[5] but will add here that our sister court has since followed that reasoning in Paulsen v. Yarrell in holding that TCPA motions are not themselves "legal actions" subject to TCPA motions.[6] Appellees' sanctions request, like the TCPA motion in Paulsen , does not "request[ ] legal or equitable relief" in this more limited, technical sense, and is not a "legal action."[7] Nor is this analysis altered by appellees' use of the title "counterclaim" to describe their sanctions request, a primary focus of the proceedings below. While the word "counterclaim" does indeed appear in the TCPA's "legal action" definition,[8] the substance of the relief being sought is necessarily what matters. Were it otherwise, a lawyer's household pet would qualify as a TCPA "legal action" if humorously named "Lawsuit,"[9] as would a citizen's "petition" to legislative or executive bodies.[10]
While my views did not command a majority of the Court in Elliott , the question presented there was the much closer one of whether a Rule 202 deposition proceeding, a vestige of a stand-alone action in equity, was independently a "legal action" for TCPA purposes. The Court's holding in that very different context does not compel its doubling-down here to conclude, contrary to Paulsen 's thoughtful intervening analysis, that sanction requests (and, the Court implies, even motions under the TCPA itself) are "legal actions" subject to TCPA motions.[11] Such a construction threatens the collapse of the TCPA's entire regime, as observed in Paulsen and *235 Elliott ,[12] further belying that meaning and intent. And if there is any remaining doubt, Section 27.011 specifies that the TCPA "does not abrogate or lessen any other ... remedy ... available under other ... statutory, case, or ... rule provisions."[13] Preexisting statutes and rules authorizing sanctions for litigation abuse-the same basic goal as the TCPA-would seem to survive under this provision.
Nor did I concede in the 2015 Serafine appeal that sanction requests would be "legal actions" subject to TCPA motions. While I did observe there that the TCPA's "legal action" definition had the potential to be read in that ironic way (and that, curiously, both the sanction requests and the litigation conduct they target would also facially fall within the TCPA's broad definition of protected "exercise of the right to petition"), I emphasized that the issue would ultimately turn on textual complexities eventually addressed in Elliott.[14] But my larger and more critical point was to caution, in that early TCPA appeal, that these and many other interpretive difficulties and potential "unintended consequences" lay ahead under the Act as it had been written-especially if courts jumped to conclusions, as they sometimes do with statutes, by reading the Act superficially in a mistaken perception of plain-meaning textualism. I have backtracked since only from my then-expressed hope that those observations might have made any difference on that road.

Op. at 224-25.

Id. at 225-29.

Id. at 228 (quoting ExxonMobil Pipeline Co. v. Coleman , 512 S.W.3d 895, 900 (Tex. 2017) (per curiam)).

Cavin v. Abbott , 545 S.W.3d 47, 70-71, No. 03-16-00395-CV, 2017 WL 3044583, at *16, 2017 Tex. App. LEXIS 6511, at *41 (Tex. App.-Austin July 14, 2017, no pet.) ; see id. at 49, 2017 WL 3044583, at *1, 2017 Tex. App. LEXIS 6511, at *1-2 (summarizing holdings that TCPA applied "in the context of litigation arising from family tumult over an adult daughter's choice of a husband," including requiring dismissal of claims based on alleged stalking and car theft); Elite Auto Body LLC v. Autocraft Bodywerks, Inc. , 520 S.W.3d 191, 193 (Tex. App.-Austin 2017, pet. dism'd) (summarizing holdings illustrating TCPA's use "to defend against claims seeking to remedy alleged misappropriation or misuse of a business's trade secrets or confidential information.").

In re Elliott , 504 S.W.3d 455, 472-82 (Tex. App.-Austin 2016, orig. proceeding) (Pemberton, J., concurring).

537 S.W.3d 224, 233-34 & n.2 (Tex. App.-Houston [1st Dist.] 2017, pet. denied) (op. on reh'g) (quoting Elliott , 504 S.W.3d at 477-78 & 480 (Pemberton, J., concurring)).

See ids="7089865" index="109" url="https://cite.case.law/sw3d/406/168/#p173">id. at 233 ; cf. In re Nalle Plastics Family L.P. , 406 S.W.3d 168, 173 (Tex. 2013) (orig. proceeding) (discussing age-old rule that attorney's fees are not ordinarily considered to be "damages," as they are in the nature of cost-shifting or a penalty rather than "compensation owed for an underlying harm").

See Tex. Civ. Prac. & Rem. Code § 27.001(6) ("legal action" definition includes "a ... counterclaim").

See id. § 27.001(6) ("legal action" definition includes "a lawsuit").

See id. § 27.001(6) ("legal action" definition includes "a ... petition").

Op. at 227-28.

See Paulsen , 537 S.W.3d at 233-34 (observing that if "legal action" were so expansive, it would invite " 'piecemeal or seriatim 'motions to dismiss' attacking myriad 'legal actions' that consist merely of individual filings within or related to a lawsuit, as opposed to the underlying lawsuit and substantive claims that are the Act's core focus' [and] would result in application of the TCPA that 'strays from-and, indeed, undermines through cost and delay-its manifest purpose to secure quick and inexpensive dismissal of meritless 'legal actions' that threaten expressive freedom.' " (quoting Elliott , 504 S.W.3d at 480 (Pemberton, J., concurring))).

Tex. Civ. Prac. & Rem. Code § 27.011(a).

See Serafine v. Blunt , 466 S.W.3d 352, 37-71 (Tex. App.-Austin 2015, no pet.) (op. on reh'g) (Pemberton, J., concurring) (observing that " 'legal action' would facially encompass even motions, such as those seeking summary judgment or sanctions, at least to the extent that relief would be considered 'legal or equitable relief. ' " (emphasis added)); see also id. at 389 (noting "broader tension" between TCPA's expansive definition of "exercise of the right to petition" and preexisting lawsuit-abuse remedies).