

# Fourth Court of Appeals
## San Antonio, Texas

April 12, 2018

No. 04-17-00704-CV

Russell **AMSBERRY,**
Appellant

v.

Alejandra **SALAZAR,**
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-17196
The Honorable Angelica Jimenez, Judge Presiding

# O R D E R

Sitting:      Karen Angelini, Justice
              Marialyn Barnard, Justice
              Rebeca C. Martinez, Justice

Appellant Russell J.G. Amsberry was hired by Appellee Alejandra Salazar to represent her in her divorce. The parties entered into an agreement, which required Salazar to pay an hourly fee and litigation costs regardless of the outcome. Six months later, the parties signed a second agreement, which did not relieve Salazar of her obligation to pay an hourly fee for Amsberry's services or pay for litigation costs. The second agreement however did provide that if the case settled, Amsberry would receive a bonus of 15% or 25% of settlement proceeds, depending on the timing of the settlement. If the case did not settle, no bonus would be paid to Amsberry. The case eventually did settle for $2,250,000. Amsberry argued he was entitled to the contingent fee of $281,363.18 under the second agreement and brought an Application to Compel Arbitration and Verified Motion to Stay Proceedings Pending Mandatory Arbitration. Salazar filed an answer and original counterpetition, alleging her own claims for breach of contract and breach of fiduciary duty. She alleged that as a result of Amsberry's breach of fiduciary duty, she suffered "economic damages by way of attorney's fees and the cost to prosecute this case."

The case proceeded to arbitration, and the arbitrator rendered his award in favor of Salazar. Specifically, the arbitrator found that second agreement was not enforceable because of a conflict of interest, explaining the second agreement created "a strong motivation to compromise rather than enforce the client's claims." The arbitrator also found that Amsberry had breached his fiduciary duty to his client. The arbitrator found that before the second agreement was signed, Amsberry knew his client would be offered a settlement of at least $2,000,000 in cash. According to the arbitrator, the second agreement "was motivated by the virtual certainty that his client would be offered a settlement of at least $2,000,000 in cash. Such is unconscionable." The arbitrator found that Amsberry falsely represented to his client that he was taking on significant additional financial risk in signing the second agreement when Amsberry "knew that a settlement in the range of $2,000,000 cash was virtually certain." The arbitrator also found that before Salazar signed the second agreement, Amsberry did not admonish her about her right to obtain independent counsel to review the agreement. Additionally, the arbitrator found that Amsberry violated "his agreement with his client and her adviser, Immaculata Santee, that he would not ask his client to sign any document that Ms. Santee had not reviewed." Further, the arbitrator found that Amsberry breached his fiduciary duty by "leaving his client fully responsible for hourly fees and costs under [the second agreement] despite the fact [Amsberry] represented to her that she was being relieved of such obligations by signing [the second agreement]." Finally, the arbitrator found that "at and prior to the time he obtained [the second agreement], [Amsberry] had received from client's previous counsel and client's husband by court order the sum of $56,136.82, an amount that exceeded the $40,000 fee and $10,000 cost retainers in [the first agreement] by $6,136.82. Yet [Amsberry] never provided client with any accounting for the money he had received even though [the first agreement] required monthly statements." Thus, the arbitrator ruled Amsberry "should not recover any fees and costs under [the first agreement] other than what he has already been paid." Further, the arbitrator ruled Salazar "should have and recover her attorney's fees and costs reasonably and necessarily expended in the defense of her attorney's claims." Salazar was awarded a total of $121,834.42 in attorney's fees.

Salazar then moved to confirm the arbitration award. Amsberry moved to stay confirmation of the award, and in the alternative, moved to modify or vacate the arbitration award. On July 13, 2017, the trial court signed an order confirming the award. The trial court ordered Amsberry take nothing by way of his claims against Salazar. Salazar was awarded "$121,834.42 as reasonable attorneys' fees incurred," all costs of arbitration in the amount of $5,175.00, taxable costs of court incurred, and post-judgment interest. Amsberry timely filed a notice of appeal.

On January 18, 2018, Amsberry filed in this Court a Motion to Correct Supersedeas Bond Amount and For Stay of Post-Judgment Discovery. *See* TEX. R. APP. P. 24.4 (party may seek review of trial court's ruling on amount of bond). Amsberry explained that on November 9, 2017, the trial court had issued a letter ruling that the supersedeas bond would be set at $127,009.42, and that a hearing on a motion to compel discovery was set for January 23, 2018. Amsberry asked this Court to review the bond amount and lower the bond to $5,175.00. According to Amsberry, the trial court had yet to sign an order setting the bond amount because Salazar's counsel had not yet submitted one to the trial court: "Rather than submit an order, Appellee's counsel reset the motion to compel for January 23, 2018." Amsberry requested that we stay post-judgment enforcement proceedings in the trial court pending our review of the supersedeas bond. On January 24, 2018, we granted Amsberry's request to stay execution of the judgment and post-judgment discovery pending our review of the supersedeas bond.

On February 2, 2018, the trial court signed an order setting supersedeas bond in the amount of $127,009.42, which is the amount of attorneys' fees plus costs of arbitration. The trial court stated in its order that "the arbitration awarded for $121,834.42 for attorneys' fees is recovery solely based on the fiduciary duty claim"; "the attorneys' fees are damages arising from conduct (pursuing payment of an allegedly improper fee) found by the arbitrator to be part of the breach of fiduciary duty"; and the award is not arising from or being recovered based upon a contractual claim."

Amsberry argues that the supersedeas bond should be reduced to $5,175.00 because the attorneys' fees awarded in the trial court's judgment are not compensatory damages. Section 52.006(a) of the Texas Civil Practice and Remedies Code provides that "when a judgment is for money, the amount of security must equal the sum of: (1) the amount of compensatory damages awarded in the judgment; (2) interest for the estimated duration of the appeal; and (3) costs awarded in the judgment." TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(a). The Texas Supreme Court has stated that generally, "attorney's fees incurred in the prosecution or defense of a claim are not compensatory damages." *In re Nalle Plastics Family Ltd.*, 406 S.W.3d 168, 174 (Tex. 2013). Amsberry argues that the attorneys' fees awarded to Salazar fall under this holding. However, the Supreme Court also "reject[ed] the idea that attorney's fees can *never* be considered compensatory damages." *Id.* (emphasis in original). It explained that in its case, the law firm Porter sued Nalle Plastics for breach of contract, alleging that Nalle Plastics had failed to pay its legal fees. *Id.* at 169. "While attorney's fees incurred in prosecuting this claim are not compensatory damages, the fees comprising the breach-of-contract damages are." *Id.* at 175. "If the *underlying* suit concerns a claim for attorney's fees as an element of damages, as with [the party]'s claim for unpaid fees here, then those fees may properly be included in a judge or jury's compensatory damages award." *Id.* (emphasis in original).

Thus, "Texas law distinguishes between recovery of attorney's fees *as* actual damages and recovery of attorney's fees *incident to* recovery of other actual damages." *Edom Corner, LLC v. It's the Berry's, LLC*, No. 12-14-00365-CV, 2016 WL 1254017, at *2 (Tex. App.—Tyler 2016, pet. denied) (emphasis in original). In its order setting supersedeas bond, the trial court specifically states "the attorneys' fees are damages arising from *conduct (pursuing payment of an allegedly improper fee)* found by the arbitrator to be part of the breach of fiduciary duty." (emphasis added). Thus, the trial court has found that the attorneys' fees are the actual damages suffered in this case, and are not incident to recovery of other actual damages. *See Nalle*, 406 S.W.3d at 173 (explaining "the difference between compensation owed for an underlying harm and fees that may be awarded for counsel's services"). Therefore, for purposes of our review of the amount of supersedeas bond, we find no error by the trial court. *See Mansik v. Young Plaza LLC v. K-Town Mgmt., LLC*, 470 S.W.3d 840, 841 (Tex. 2015) (explaining that a trial court's ruling on the amount of a supersedeas bond is reviewed for abuse of discretion; "[b]ut to the extent it turns on a question of law, [a court] review[s] the amount of a bond de novo"). We DENY Amsberry's motion to modify the amount of the supersedeas bond. In making this ruling, we make no comment on the merits of the underlying appeal. Our ruling concerns only the amount of the supersedeas bond.

So that Amsberry has sufficient time to obtain a supersedeas bond in the amount ordered by the trial court, enforcement of the trial court's judgment is suspended for another twenty days or **May 2, 2018**. *See* TEX. R. APP. P. 24.4(e). After such time, enforcement of the judgment may proceed unless Amsberry supersedes the judgment in compliance with the rules.

It is so **ORDERED** on this 12th day of April, 2018.

ATTESTED TO: _____

Keith E. Hottle
Clerk of Court

**PER CURIAM**

