**REVERSE and RENDER and Opinion Filed February 27, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01105-CV

**MORBEN REALTY CO., INC., Appellant**
**V.**
**TEXAS CAPITAL HOLDINGS, LLC AND TCHF III, LP, Appellee**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-04626**

## MEMORANDUM OPINION

Before Justices Whitehill, Molberg, and Reichek
Opinion by Justice Whitehill

Morben Realty Co., Inc. seeks to recover attorney's fees the trial court declined to award after finding that Texas Capital Holdings, LLC and TCHF, III, LP (collectively, Texas Capital) breached its contract with Morben.

We conclude that the contract unambiguously distinguishes between (i) the seller's remedy for buyer's breach, which consists of liquidated damages, and (ii) the attorney's fees a party successfully suing for breach is entitled to receive. Therefore, the trial court erred by not awarding Morben its attorney's fees. We thus reverse the trial court's judgment on attorney's fees and render judgment that Morben recover the $130,0000 in attorney's fees the parties stipulated Morben would be entitled to receive if it prevailed at trial.

## I. BACKGROUND

Texas Capital appealed the trial court's judgment in a breach of contract suit. Morben filed a cross-appeal challenging the denial of attorney's fees. For reasons known to the parties, Morben's attorney's fees challenge is all that remains.

The parties' dispute arose after a contract for Morben's sale of a shopping center to Texas Capital did not timely close and Texas Capital did not release the earnest money it had deposited with the title agent. Morben sued for breach of contract and declaratory judgment and requested damages and attorney's fees.

During a bench trial, the parties stipulated that Morben's attorneys' fees would be $130,000.00 if it prevailed—which it did. The final judgment, however, did not award Morben its attorney's fees. To that end, the trial court's findings and conclusions explained that Morben was not entitled to recover attorney's fees because:

> The contract between the parties provides that Plaintiff/Seller Morben's sole remedy is a return of the earnest money deposited . . .

> The contract specifically provides that one of the Buyer's remedies is the award of attorneys' fees. The contract does not provide for the award of attorneys' fees as a Seller's remedy. Given the incongruous language between the Buyer's & Seller's remedies, the contract itself does not form a basis for the Seller to recover attorneys' fees. Moreover, the contract also states that Plaintiff /Seller Morben's sole remedy is a return of the earnest money deposited. Given the explicit "sole remedy" language, the Seller has contracted away any right to the recovery of attorneys' fees under a statutory, or any other, basis.

These findings, as reflected in the final judgment, form the basis of Morben's appeal.

## II. Analysis

Morben's sole issue argues that the trial court erred by not awarding its attorney's fees because the contract unambiguously provides that the prevailing party in a dispute is entitled to recover its attorney's fees. We agree.

## A.    Standard of Review and Applicable Law

Generally, we review a trial court's award of attorney's fees under an abuse of discretion standard. *See Ridge Oil Co., Inc. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 163 (Tex. 2004). But our review of an unambiguous contract is de novo. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

When a contract's meaning is unambiguous, our task is to determine the parties' intentions as expressed in the written instrument. *Apache Deepwater, LLC v. McDaniel Partners, Ltd*. 485 S.W.3d 900, 906 (Tex. 2016). Our approach is holistic. *Hysaw v. Dawk*ins, 483 S.W.3d 1, 8 (Tex. 2016). We "examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless." *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003). No single provision taken alone is controlling, but rather all provisions are "considered with reference to the whole instrument." *Id*.

## B.    The Contract

Texas law has "long distinguished attorneys' fees from damages." *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 172 (Tex. 2013) (orig. proceeding). So does this contract.

Here, the contract's paragraph 13 entitled "Remedies" generally provides the seller with a liquidated damages remedy if the purchaser defaults:

> Seller shall, as Seller's sole *remedy*, be entitled to terminate this Contract and receive and retains the Earnest Money deposit as *liquidated damages*; it being specifically agreed between Seller and Purchaser that Seller's *actual damages* in the event of Purchaser's default would be impossible to ascertain and the Earnest Money Deposit is a reasonable estimate of the same . . . .

(Emphasis added).

Nonetheless, paragraph 17 specifically provides that the prevailing party is entitled to recover its attorney's fees:

> In the event either party to this Contract commences legal action of any kind to enforce the terms and conditions of this Contract, the prevailing party in such

–3–

litigation shall be entitled to collect from the other party all reasonable costs, expenses, and attorney's fees incurred in connection with such action.

Read as a whole, the contract unambiguously recognizes the difference here by addressing the seller's sole damages remedy for a breach in paragraph 13 (liquidated damages) and paragraph 17's provision for recovery of attorney's fees by the prevailing party in a suit to recover those liquidated damages. That is, two separate paragraphs provide for two different things: (i) compensation for the underlying harm and (ii) payment for the attorney's services to recover that compensation.

The trial court's construction, however, does not consider the contract as a whole, or harmonize its terms. *See Hackberry Creek Country Club v. Hackberry Creek Homeowners Ass'n,* 205 S.W.3d 46, 55-56 (Tex. App.—Dallas 2006, pet. denied). Instead, the court's interpretation renders the attorney's fees provision mere surplusage. *See id.*

We therefore hold that the trial court erred in concluding that the contract's language was "incongruous" and precluded Morben from recovering both damages and attorney's fees.

The parties stipulated to $130,000 for Morben's attorney's fees. A stipulation serves as proof on an issue that would otherwise be tried and is conclusive on the issue addressed. *See Houston Lighting & Power Co. v. City of Wharton,* 101 S.W.3d 633, 641 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). Because the contract provides for the recovery of attorney's fees to Morben as the prevailing party, the trial court erred by not awarding Morben the stipulated attorney's fees.

## III.  Conclusion

We resolve Morben's sole issue in its favor, reverse the trial court's judgment on attorney's fees, and render judgment that Morben recover $130,000 in attorney's fees from Texas Capital Holdings, LLC and TCHF III L.P.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

171105F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MORBEN REALTY CO., INC., Appellant

No. 05-17-01105-CV     V.

TEXAS CAPITAL HOLDINGS, LLC
AND TCHF III, LP, Appellee

On Appeal from the 193rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-04626.
Opinion delivered by Justice Whitehill.
Justices Molberg and Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court that MORBEN REALTY CO., INC. is not entitled to recover its attorney's fees is **REVERSED** and judgment is **RENDERED** that: MORBEN REALTY CO., INC recover $130,000. In attorney's fees from TEXAS CAPITAL HOLDINGS, LLC AND TCHF III, LP.

It is **ORDERED** that appellant MORBEN REALTY CO., INC. recover its costs of this appeal from appellee TEXAS CAPITAL HOLDINGS, LLC AND TCHF III, LP.

Judgment entered February 27, 2019.