**Reversed and Remanded and Opinion filed March 24, 2022.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-21-00220-CV**

---

**LUXEYARD, INC., Appellant**

**V.**

**ROBERT KLINEK, Appellee**

---

**On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2012-54501**

---

**O P I N I O N**

In this appeal, we must decide whether the one-satisfaction rule supports a trial court's order finding that a judgment debtor's settlement with the judgment creditor included payment for court costs, thereby entitling a non-settling judgment debtor jointly and severally liable for those costs to a credit. As a matter of first impression, we hold that taxable court costs constitute a single, indivisible expense and the one-satisfaction rule applies when multiple parties are adjudged jointly and severally liable for costs and the judgment creditor settles with one of the liable

parties. If the settlement payment includes court costs, then non-settling judgment debtors liable for the same costs are entitled to a settlement credit. Because no Texas court has decided these issues previously, we reverse and remand the case to the trial court.

## Background

This dispute arises from the partial satisfaction of an August 14, 2017 judgment adjudicating the claims among multiple parties. The judgment orders that appellant LuxeYard, Inc. recover money from seven defendants, including appellee Robert Klinek and another party, Doug Shaw. The judgment liability among the relevant parties is summarized as follows: (1) Klinek is solely responsible to pay LuxeYard $395,146.63, plus post-judgment interest;[1] (2) Shaw is responsible to pay LuxeYard $228,184, plus post-judgment interest;[2] and (3) all seven defendants, including Klinek and Shaw, are jointly and severally responsible for LuxeYard's taxable costs, though the amount of costs is not specified. In an earlier appeal by Klinek, this court affirmed the judgment, and the supreme court denied review. *See Klinek*, 596 S.W.3d at 457.

Shaw did not appeal the judgment but initiated bankruptcy proceedings. In bankruptcy court, LuxeYard asserted a proof of claim based on the judgment. Following mediation, LuxeYard and Shaw signed an agreement settling Shaw's liability under the judgment. LuxeYard was to receive $250,000 in exchange for a full release of Shaw's judgment liability. At the time the bankruptcy court approved the settlement on August 2, 2019, the principal money amount Shaw

---

[1] This sum is subject to certain offsets as a result of Klinek's successful counterclaims. *See Klinek v. LuxeYard, Inc.*, 596 S.W.3d 437, 442 (Tex. App.—Houston [14th Dist.] 2020, pet. denied).

[2] Before he settled, Shaw was jointly and severally liable for this amount with two other defendants, but not with Klinek.

owed, plus accrued interest, but excluding court costs, totaled approximately $251,178.66. The settlement agreement contained language expressly clarifying that LuxeYard did "not release its rights under the LuxeYard Judgment against anyone other than [Shaw]." In a separate section, the agreement reiterated that the releases contained in the document "are not intended to and shall not constitute a release of the [p]arties' . . . rights against any other person not released pursuant to this [a]greement."

Back in Harris County district court—after we decided Klinek's appeal but before the mandate issued—LuxeYard and Klinek filed cross-motions to re-tax costs. In its motion, LuxeYard asked the court to specify costs as a sum certain. In his cross-motion, Klinek argued, among other things, that he should not have to pay any costs because, under the one-satisfaction rule, LuxeYard's settlement with Shaw satisfied all of LuxeYard's court costs.

After considering both motions, the trial court signed an order finding that (1) LuxeYard is entitled to taxable costs of $24,224.74; and (2) "the portion of costs owed by [Klinek] has been satisfied through the payment received by [LuxeYard] from . . . Shaw." LuxeYard appeals this order.

## Analysis

The questions presented are whether Klinek is entitled to a credit if another liable judgment debtor pays LuxeYard's court costs, and if so, whether Shaw's settlement in fact was intended to pay LuxeYard's court costs, as the trial court found.

Klinek's argument for a credit is based on the one-satisfaction rule. LuxeYard suggests, however, that the rule traditionally applies to prevent double recovery of "damages," and because court costs are not "damages," it is uncertain

3

whether the one-satisfaction rule applies at all in this circumstance. But assuming it applies, LuxeYard insists that there is no double recovery here because no part of the Shaw settlement satisfied court costs awarded in the judgment. LuxeYard contends that the settlement could not have included court costs because the amount Shaw paid was less than the amount of principal and interest owed at the time of the settlement. We review the trial court's application of the one-satisfaction rule de novo. *Sky View at Las Palmas, LLC v. Mendez*, 555 S.W.3d 101, 108 (Tex. 2018).

We first consider whether the one-satisfaction rule applies to court costs assessed in a judgment. "Under the one satisfaction rule, a plaintiff is entitled to only one recovery for any damages suffered." *Id.* at 106-07 (quoting *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 390 (Tex. 2000); citing *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 7 (Tex. 1991)). The one satisfaction rule applies to prevent a plaintiff from obtaining more than one recovery for the same injury. *Id.* at 107. The fundamental consideration is whether the plaintiff has suffered a "single, indivisible injury." *Id.* The rule allows, for instance, non-settling defendants "to offset any liability for joint and several damages by the amount of common damages paid by the settling defendant." *Id.* at 112 (citation omitted); *see Casteel*, 22 S.W.3d at 391-92 (". . .the nonsettling defendant is entitled to offset any liability for joint and several damages by the amount of common damages paid by the settling defendant, but not for any amount of separate or punitive damages paid by the settling defendant.").

As LuxeYard observes, court costs are not "damages" in the traditional sense. Actual or compensatory damages generally compensate a party for an underlying harm or loss suffered. *See In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 171-72 (Tex. 2013). In contrast, court costs are "[t]he charges or fees

4

taxed by the court, such as filing fees, jury fees, courthouse fees, and reporter fees." *Id.* at 175 (citing Black's Law Dictionary 398 (9th ed. 2009)). They represent fees or expenses paid to a court or its officers. *Id.* Thus, court costs make a claimant whole, but they are not compensatory damages. *Id.* at 173.

Courts discussing the one-satisfaction rule to date have not considered the rule's application to court costs. Nor have the parties cited any cases applying the rule to a post-judgment settlement. For several reasons, we conclude the rule applies to the settlement of a judgment that includes joint liability for courts costs. Although court costs are not damages and do not compensate for the underlying harm giving rise to a claim or a judgment, they represent expenses necessary to pursue relief and are single and indivisible—characteristics essential to the rule's application. *See Sky View*, 555 S.W.3d at 107. A claimant may recover for these expenses as required by the rules of procedure, but no more than the amounts actually paid. *See* Tex. R. Civ. P. 131, 141. As with injuries compensated under a money judgment, allowing double recovery for court costs would place a judgment creditor in a more favorable position than the judgment requires, which contravenes the rule's underlying purpose. *See Sky View*, 555 S.W.3d at 113. The rule's rationale applies equally to joint taxable cost liability emanating from a judgment as it does to joint or common "damages." A claimant has the right to but one satisfaction for an injury; likewise, a claimant may recover only once for court costs. Therefore, we hold that when, as here, a court adjudges liability for costs jointly and severally among multiple parties, and if a jointly liable party satisfies some or all of the costs, then other liable parties are entitled to a credit based on the one-satisfaction rule.

When the one-satisfaction rule applies in the context of a settlement and a non-settling party seeks a credit, the Supreme Court's burden-shifting procedure

5

comes into play in determining the proper credit amount. *See Casteel*, 22 S.W.3d at 391-92 (applying burden-shifting framework based on one-satisfaction rule in context of post-verdict settlement). A non-settling defendant seeking a settlement credit under the one-satisfaction rule has the burden to prove its right to such a credit. *Sky View*, 55 S.W.3d at 107; *Utts v. Short*, 81 S.W.3d 822, 828 (Tex. 2002); *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 927 (Tex. 1998). The defendant may meet this burden by introducing into the record either the settlement agreement or some other evidence of the settlement amount. *Ellender*, 968 S.W.2d at 927. Once the non-settling defendant demonstrates a right to a settlement credit, the burden shifts to the plaintiff to offer evidence allocating the settlement between liabilities for which parties are jointly liable, and liabilities for which only the settling defendant is liable. *See Casteel*, 55 S.W.3d at 391-92 (requiring a showing of an allocation between joint and separate damages); *Ellender*, 968 S.W.2d at 928 (requiring a showing of an allocation between actual and punitive damages); *First Title*, 860 S.W.2d at 79 (applying the one-satisfaction rule when the plaintiff did not show it settled for a separate injury). A written settlement agreement that specifically allocates damages to each cause of action will satisfy this burden. *Ellender*, 968 S.W.2d at 928. If there is no allocation, the settlement is presumed to have satisfied liability common among the parties. *See id*. This burden-shifting framework is premised on the notion that the plaintiff is best positioned to demonstrate why disallowing or limiting a settlement credit would not result in double recovery. *See Sky View*, 555 S.W.3d at 107.

Klinek presented evidence of the $250,000 Shaw settlement amount. The judgment damages and interest awarded against Shaw were recoverable only from Shaw and two other defendants but not from Klinek. The only other joint and several liability under the judgment is for court costs, and Shaw and Klinek are

each jointly and severally liable for those. LuxeYard is correct that the $250,000 settlement amount was just slightly less than the total amount of compensatory damages and interest Shaw owed as of the settlement date. LuxeYard's argument, however, presupposes that the settlement amount is presumptively allocated to damages, then interest, then costs, in that order. But if the one-satisfaction rule applies to the costs award, then LuxeYard's argument contravenes *Casteel* and the authority on which it rests. As we have concluded, the one-satisfaction rule applies, and thus *Ellender*'s burden-shifting framework also applies. *See Casteel*, 22 S.W.3d at 391-92.

The settlement agreement is in our record but neither it nor any other evidence establishes whether the $250,000 payment was intended to satisfy only the judgment's compensatory damage award and interest, as LuxeYard contends. The agreement is silent regarding the payment's allocation. Ordinarily, when an agreement is silent, we presume a settlement satisfied joint or common liabilities. *See Ellender*, 968 S.W.2d at 928. However, we are the first court to hold that the one-satisfaction rule applies to court costs, and that *Ellender*'s burden-shifting framework applies in the present context. When LuxeYard and Shaw reached a settlement, no court had addressed whether a burden existed to allocate a settlement payment to court costs for which multiple parties are jointly liable. Therefore, we remand this case to the trial court to allow the parties an opportunity to prove whether, at the time of settlement, the settling parties intended the $250,000 payment to satisfy only compensatory damages and interest, or whether the payment represented any court costs. *See Ellender*, 968 S.W.2d at 928-29; *Burlington N. R. Co. v. General Projection Sys., Inc.*, No. 05-97-00425-CV, 2000 WL 1100874, at *13 (Tex. App.—Dallas Aug. 8, 2000, pet. denied) (op. on reh'g). The issue on remand is what, if anything, the parties agreed to, and LuxeYard may

attempt to make this showing through extrinsic evidence. *Ellender*, 968 S.W.2d at 929.

We must also address two alternative arguments raised by Klinek. Klinek contends that LuxeYard's settlement with Shaw satisfied Klinek's liability for court costs because the agreement compromised and satisfied the entirety of LuxeYard's claim against Shaw. There is no legal support for this assertion. The agreement released Shaw fully, but it expressly reserved all of LuxeYard's judgment rights against the other defendants, including Klinek. Second, Klinek claims the settlement was an accord and satisfaction that satisfied his own liability for costs. The accord and satisfaction defense applies between parties to an existing obligation, who subsequently agree to the discharge of that obligation by means of a subsequent payment tendered and accepted. *Katy Int'l v. Jiang*, 451 S.W.3d 74. 86 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). The accord and satisfaction defense is not available to Klinek because he was not a party to the settlement agreement. *See Hunt, Hopkins & Mitchell Inc. v. Facility Ins. Corp.*, 78 S.W.3d 564, 568 (Tex. App.—Austin 2002, pet. denied); *see also Rivera v. S. Green Ltd. P'ship*, 208 S.W.3d 12, 23 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

We reverse the trial court's order and remand the case for proceedings consistent with this opinion.


/s/    Kevin Jewell
        Justice

Panel consists of Chief Justice Christopher and Justices Jewell and Hassan.